[No. 4436.]

THE PEOPLE EX REL. HINCKLEY ET AL. V. THE DISTRICT COURT OF LAKE COUNTY AND OWERS, JUDGE.

1. JURISDICTION—EQUITY—RIGHT TO PUBLIC OFFICE.

A court of equity has no jurisdiction to try a disputed title to a public office. That determination can be made only in an action in the nature of *quo warranto* or in an election contest as prescribed by statute.

2. SAME—PROHIBITION.

A court has no jurisdiction to issue a writ of injunction in favor of one claiming to be a member of a board of county commissioners restraining the other members of the board from recognizing and seating his adversary, who claims to have been elected to the disputed office, and holds a certificate of election, and restraining his adversary from attempting to act as a member of the board, nor to issue a mandatory injunction to compel the members of the board to admit and recognize plaintiff as a member, and the supreme court will issue the writ of prohibition to prevent the district court from proceeding in such action.

3. JURISDICTION—MANDATORY INJUNCTION—NOTICE.

A court has no jurisdiction to issue a temporary mandatory injunction without notice to the defendants.

*Original Application for a writ of prohibition.*

Mr. CHARLES CAVENDER and Mr. JOHN A. EWING for petitioners.

Mr. JAMES GLYNN, for respondents.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In the district court of Lake county, John J. Quinn, claiming to be a member of the board of county commissioners of that county, under appointment by the governor to fill a vacancy which, under our statute, continued his term till the next general election and until the election and qualification of his successor, brought his action in equity against the other four members of the board and Warren F. Page, who also claimed title to the same office, to restrain the board from recognizing and seating Page as a member thereof in place of plaintiff, and to enjoin Page from attempting to act as one of its members by virtue of a certificate of election which he held from the proper canvassing board certifying that at the next general election held after Quinn's appointment Page had been duly elected as his successor. A temporary writ of injunction was granted without notice to the defendant, and a motion was made to dissolve it. Before the hearing upon that motion, plaintiff asked leave of court to file a supplemental complaint, which in substance averred that since the filing of the original complaint the defendant mem-

bers of the board had agreed and conspired together to refuse to recognize the plaintiff as a member or to allow him to participate in its proceedings, and to deprive him of his rights as a member; and, in pursuance thereof, passed a resolution that until the question of who was entitled to a seat in the board was determined, neither he, the plaintiff, nor Mr. Page would be recognized; and further alleging that the board, in carrying out its resolution, refused to allow him to participate, or avail himself of any of his privileges as a member. In addition to the relief prayed for in the original complaint, he asked that a temporary mandatory injunction be issued commanding his associates on the board to admit him to membership and treat him as a member until the title to the office should be determined in a proper action.

Upon a hearing of the motion to dissolve the temporary writ, which was contemporaneous with a hearing of plaintiff's application for leave to file the supplemental complaint, the court refused to dissolve the temporary writ, and, without previous notice to defendants, issued a temporary mandatory writ commanding the board to admit plaintiff to its membership and to allow him to participate in all its proceedings and receive the emoluments of his office, until the further order of the court in the premises.

The defendants thereupon filed a petition in this court, setting forth the facts above recited, for a writ of prohibition to restrain the district court from proceeding further in the action there pending. A rule to show cause was issued, and in response thereto the respondents in this proceeding have filed a demurrer to the petition on the ground that such facts do not entitle the plaintiff to the writ.

The only question here is whether the district court has jurisdiction in the action there pending to hear and determine the questions in issue. For, if such jurisdiction exists, it had, and has, the power to make a wrong, as well as a right, decision. The inquiry, then, is, not whether the plaintiff or the opposing claimant has the better right to the office in dispute, with that we have nothing to do, but it is: May the title or right to a public office be determined by injunction?

The mere statement of the case shows that the district court, in the character of action before it, was entirely without jurisdiction in what it has already done, and also lacks the power to decide the question which the plaintiff really seeks to have adjudicated. While plaintiff Quinn protests that he is not endeavoring to have the title to the office which he claims determined in that proceeding, yet in the very nature of things the district court could not take a step in the case without entering upon an investigation of that very question. That a court of equity has not jurisdiction to try a disputed title to a public office is too clear for argument. That determination can be made only in an action in the nature of *quo warranto*, or in an election contest, as prescribed by statute. What must the district court necessarily decide before it can grant even a temporary writ? Certainly, it must investigate and determine either as matter of fact or law, that at least a *prima facie* case of the right to the office is shown to be in the plaintiff. To this extent, therefore, there would be a decision that he had the better right to the office, and upon a final hearing, either upon a demurrer to the complaint, or upon a trial of the facts if the issue upon them is made, the court, before it can issue a permanent injunction, must

necessarily hold that the plaintiff's title is superior to that of his adversary. This cannot be done in an equitable action. Some of the authorities which are cited, it is true, declare that, in certain circumstances, where a certificate of election is held by a claimant to an office, he may have a writ of mandamus to place him in it as against a predecessor in office who, whether holding by election or appointment, claims that he is still entitled to hold because the election, for some reason, is invalid, and that in favor of such certificate holder, an injunction has been granted, pending decision of title in *quo warranto*, when such relief is necessary to protect public property, conserve great public interests, or prevent irreparable injury. But no well considered case can be found where such relief has been given to one not holding the certificate of election against the holder thereof, under facts such as this record discloses.

It is altogether clear, that the district court was also entirely without jurisdiction to issue the temporary mandatory injunction, because no notice to the defendant was given; and it is equally clear that, for the reasons already given, jurisdiction was lacking to grant either that or the temporary restraining order issued upon the filing of the original complaint.

The only authority which seems to be in favor of plaintiff's contention is the case of *Guillotte v Poincy*, 5 L. R. A. 403. That is a Louisianna case which in some of its material facts may be distinguished from the case at bar, but if it is authority for plaintiff's contention here, it stands alone, and we decline to follow it. It may be justified under the statutes and civil procedure existing in Louisiana, where the distinctions between law and equity and their respective remedies are not observed, but it is contrary to the

authorities in jurisdictions where such distinctions prevail, some of which, among many others that might be cited, are here given: *The People ex rel. v. McClees,* 20 Colo. 403; *State v. Mayor of Kearney,* 28 Neb. 103; *Cochran et al. v. McCleary, Mayor,* 22 Ia. 75; *Neeland et al. v. State,* 39 Kan, 154; *Gilroy's Appeal* 100 Penna. St. 5; *Updegraff et al. v. Crans,* 47 Penna St. 103; *Hulssman et al. v. Rems et al.,* 41 Penna. St 396; *Neiser v. Thomas et al.* 99 Mo. 224; *State ex rel, v. Aloe,* 152 Mo. 466; *Smith v. Myers,* 109 Ind. 1; *Delahanty v. Warner,* 75 Ills. 185; *Sheridan v. Colvin,* 78 Ills. 237; *Dickey v. Reed,* 78 Ills. 261; *Moulton v. Reid,* 54 Ala. 320; *Ex Parte Wimberly,* 57 Miss. 437, 444; 2 High on Injunctions, (2nd ed.) § 1312; McCrary on Elections, (4th ed.) § 317; 1 Spelling's Injunctions. (2nd ed. ) § 620; *Peck v. Weddell,* 17 Ohio St. 271; *State ex rel. v. Sherwood,* 15 Minn. 221; *State ex rel. v. Churchill,* 15 Minn. 455; *People ex rel. v. Miller,* 16 Mich. 56; *State v. Governor,* 25 N. J. Law 331; *State v. Clerk of Passiac,* 25 N. J. Law 354; *State v. Oats,* 86 Wis. 634; *Supervisor etc. v. O'Malley,* 46 Wis. 35; *People ex rel. v. Head,* 25 Ills., 325.

The rule to show cause is sustained, and the writ heretofore issued is made permanent

*Writ allowea.*