[No. 4935.]

THE PEOPLE EX REL. VIGIL ET AL. v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT ET AL.

**Elections—Canvassing Boards—Mandamus—Jurisdiction—Collusion—Prohibition.**

Where certain parties to an election by corrupt collusion with the county canvassing board caused an action to be brought and judgment to be rendered and writ of mandamus to be issued against said canvassing board in the county court requiring said board to canvass certain disputed returns and not to canvass others, the district court has jurisdiction to entertain a suit subsequently filed against said canvassing board involving the same disputed returns and to prevent the canvassing board from acting upon the judgment of the county court, and the supreme court will not issue a writ of prohibition to restrain the district court from proceeding in such cause.

*Original Proceeding in Prohibition.*

CHIEF JUSTICE GABBERT delivered the opinion of the court.

This action was instituted by petitioners for the purpose of prohibiting the district court of the third judicial district from proceeding further in certain actions pending in that court. It appears that in Primero precinct, Las Animas county, two elections were held, and two sets of returns made to the canvassing board. One Patrick commenced an action in the county court of the county against this board, and obtained a judgment requiring it to canvass one of the returns and reject the other. Thereafter suit was instituted in the district court by Richard W. Davis and Eugene Garcia against the members of the canvassing board, the purpose of which was to restrain the board from recognizing or acting upon the judgment and mandate of the county court in canvassing the returns from Primero precinct. Later another action appears to have been commenced in the district court by these same parties and others, the purpose of which was to require the canvassing board to canvass the vote from Primero precinct, it being alleged that the board, in making the canvass, had omitted or refused to canvass the vote returned from that precinct. In this action an alternative writ of mandamus was issued. After this action was commenced in the district court, application was made to the county court for a supplementary peremptory writ of mandamus, requiring and commanding the county clerk, upon the completion of the canvass of election returns, in accordance with its original mandate, to issue certificates of election to the candidates receiving the highest number of votes. A third action appears to have been commenced by Davis and Garcia in the district court to restrain the canvassing board from recognizing and acting upon the judgment of the county court rendered on the application for a

supplemental peremptory writ of mandamus. In the first and last actions it was alleged that the judgment of the county court was collusive, and secured in pursuance of a corrupt understanding and agreement between the parties to the action in that court. To the action commenced in the district court for mandamus, the defendants filed an answer, raising certain issues of fact which are, as yet, undetermined.

The district court clearly has jurisdiction of the cases in so far as they are based upon the claim that the judgments of the county court were obtained through the fraud and conspiracy of the parties to the action in that tribunal. Whether or not the district court has authority to direct the canvassing board which of the returns from Primero precinct shall be canvassed and certificates of election issued accordingly, is a question which we do not deem it necessary to undertake to determine at this time. The writ of prohibition is a discretionary one. The petitioners, at least tacitly, conceded that the county court had jurisdiction to determine which of the returns from Primero precinct should be canvassed by the election commission. In such circumstances, they certainly ought not to be heard to appeal to this court to prevent another tribunal from assuming jurisdiction over a matter which they themselves conceded could be exercised by the county court. If the judgment of the district court shall be erroneous for any reason, either for want of jurisdiction or on account of errors committed in the trial of the causes, it does not appear that the petitioners have not a plain, speedy and adequate remedy by appeal or writ of error. The petition for writ of mandamus filed in the district court states a cause of action of which that court has jurisdiction. The attempt, in the answer, to set up matters

which would oust that court of jurisdiction, cannot be considered on an application for a writ of prohibition.

The writ of prohibition is denied, and the proceeding dismissed.

STEELE, J., dissents.