# SUPREME COURT

### OF THE

## STATE OF COLORADO.

## April Term, 1909.

[No. 6797.]

THE PEOPLE EX REL. V. ELBERT DISTRICT COURT.

1. **Equity Jurisdiction**—A court of equity has no jurisdiction to restrain the execution of the duties of a public office by one who has, by due authority, been declared elected thereto, and has qualified therein and entered thereon, nor to determine the title to a public office.—(4)

2. **Prohibition—When Awarded**—Whether the writ of prohibition will be allowed by this court in the exercise of its original jurisdiction depends upon the circumstancees of the particular case. No inflexible rule can be announced.—(7)

The office of Olson as county commissioner had expired by limitation, and the relator Pauls had been chosen to the vacancy and qualified. Brooks, one of the other two commissioners, refused to recognize Pauls or act with him, and, associated with the former commissioner Olson, was assuming to act as a board of county commissioners and conduct the county business. The relator Pauls, associated with Brazelton, the other of the two commissioners, in like manner, was assuming the same functions.

Thereupon, on a complaint exhibited by the first two, the district court enjoined the relator and Brazelton from acting or attempting to act as county commissioners. Held, that inasmuch as the acts of Olson and Brooks, Olson being unquestionably out of office, were absolute nullities, and could only tend to involve the affairs of the county in confusion and possible litigation, public interest required the award of the writ of prohibition against the district court to restrain it from proceeding with the injunction suit.— (8)

Ill-advised and reprehensible conduct of counsel, in counseling the disregard of the injunction, will not militate against the clear right of the public to the preventive remedy by prohibition.— (10)

3.   Official Bond—Approval—How Far Conclusive—The approval by the judge of the district court of a bond of a county commissioner elect, is not to be arbitrarily overturned or disregarded by the board.— (10)

## Original Application for Prohibition.

Mr. B. C. HILLIARD, for relator.

Mr. HENRY TROWBRIDGE, for respondents.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an original application for a writ of prohibition against the district court of the fourth judicial district, and the Honorable John W Shaefor, one of the judges thereof, from proceeding further in an injunction ·suit there pending, wherein the relator Pauls has been enjoined from acting as a county commissioner of Elbert county. Upon the petition filed, an alternative writ to show cause issued, to which by way of return, the respondent judge interposed an answer and a supplemental answer, and upon the demurrers of the relators to these answers, the application is submitted.

The undisputed facts disclosed by the record here are substantially these:   One Oloff Olson had been for four years prior to the 11th day of January

last one of the commissioners of Elbert county. At midnight of that day his term of office expired by limitation; as did also that of one Horace E. Brooks, another member of said board, who, however, was elected and duly qualified to succeed himself. The relator Emile Pauls was chosen to succeed Olson as county commissioner at the general election held in November, 1908, as officially declared by the regular canvassing board, and received his formal certificate to that effect, on the 13th day of said November month. On December 10th next thereafter he took the oath of office prescribed by law, and on the 15th day of said last mentioned month, lodged in the office of the county clerk of said Elbert county his official bond, which had been theretofore, and on the 11th day of said December, duly approved by the Honorable John W. Shaefor, one of the judges of the judicial district in which said Elbert county is located, and respondent here. The relator Emile Pauls, in conjunction with the relator Brazelton, who is a duly qualified and acting county commissioner of said Elbert county, met as such board, on February 1st of this year, elected the relator Pauls chairman thereof, otherwise organized the same, and transacted much county business, adjourning said February 1st meeting until the 15th day of March following. That said commissioner Brooks refuses to recognize the relator Pauls as a county commissioner, and is doing and attempting to do the public business of said county, in conjunction with said Olson, claiming to constitute a quorum of said board. That the commissioner Brazelton refuses to recognize said Olson as a county commissioner, and refuses to act with commissioner Brooks, in conjunction with said Olson, in transacting county business. On March 13, 1909, at the suit of said Olson and said Brooks, the respondent enjoined these relators from holding the

proposed March 15th meeting, and on the 27th day of the same month, further temporarily restrained the relator Pauls from doing or attempting to do any act purporting to be an act of a county commissioner of Elbert county, and the two relators, Brazelton and Pauls, and each of them, from taking possession of the office of said board, and further acting as a board or quorum of a board of county commissioners of said Elbert county, and from doing or attempting to do any act as a board of county commissioners of said county.

On this state of facts the district court is without jurisdiction in equity. The relator Pauls is already in office, and has begun the actual discharge of the duties imposed upon him by virtue thereof. When Pauls had duly qualified, and the hour of midnight on January 11, 1909, had come, Olson was unconditionally out as a county commissioner, and by no process could he be rehabilitated in office. On a like state of facts this court, in *The People ex rel. Williams v. Ried,* 11 Colo. 140, unequivocally so held. If this be true, then the respondent judge was and is without power or authority to disturb or interfere with him by injunction in the discharge of the duties which devolve upon him in his official capacity. On the other hand, if upon any possible theory, and we confess to being unable to discover one even of plausibility, it is claimed that Pauls is out of office, and Olson in, then the respondent judge was equally without jurisdiction, because such contention involves the question of title or right to the office, which may not lawfully be determined in an equitable action.

Upon an application identical with this, involving similar facts and precisely the same office, the court in *The People ex rel. Hinckley and others v. The District Court of Lake County, Owers, Judge,*

29 Colo. 277, speaking through Mr. Justice Campbell, then chief justice, said:

. "The only question here is whether the district court has jurisdiction in the action there pending to hear and determine the questions in issue. For, if such jurisdiction exists, it had, and has, the power to make a wrong, as well as a right, decision. The inquiry, then, is, not whether the plaintiff or the opposing claimant has the better right to the office in dispute; with that we have nothing to do, but it is: May the title or right to a public office be determined by injunction?

"The mere statement of the case shows that the district court, in the character of action before it, was entirely without jurisdiction in what it has already done, and also lacks the power to decide the question which the plaintiff really seeks to have adjudicated. While plaintiff Quinn protests that he is not endeavoring to have the title to the office which he claims determined in that proceeding, yet in the very nature of things the district court could not take a step in the case without entering upon an investigation of that very question. That a court of equity has not jurisdiction to try a disputed title to a public office is too clear for argument. That determination can be made only in an action in the nature of *quo warranto,* or in an election contest, as prescribed by statute. What must the district court necessarily decide before it can grant even a temporary writ? Certainly, it must investigate and determine either as a matter of fact or law, that at least a *prima facie* case of the right to the office is shown to be. in the plaintiff. To this extent, therefore, there would be a decision that he had the better right to the office, and upon a final hearing, either upon a demurrer to the complaint, or upon a trial of the facts if the issue upon them is made, the court, before it can issue a

permanent injunction, must necessarily hold that the plaintiff's title is superior to that of his adversary. This cannot be done in an equitable action.''

To be sure the respondent here disclaims, as did the plaintiff in that case, any intention to determine the right to the office in dispute, but protest as he may, what is the effect of his injunctive writ, except to place into office the man Olson, who, upon the undisputed facts, has neither right to nor claim upon it, either *de jure* or *de facto,* and to enjoin out of the office the relator Pauls, who, again upon the undisputed facts, has been duly elected thereto, has received the proper certificate to that end, and has taken the prescribed oath and possession of the office, having first given the required bond, duly approved by the authorized authority, which authority happens in this case, strangely enough, to be identical with that which now seeks to enjoin him out.

It is keenly to be regretted, in the light of the authority of the *Hinckley case, supra,* supported by such sound reasons, so lucidly and luminously stated, that trial courts still decline to apprehend and follow it, but persist in undertaking to adjudicate these questions in equitable suits, making applications like this one not only possible, but absolutely necessary for public protection, to the hindrance, annoyance and humiliation of all concerned. Upon a consideration of the *admitted* facts only, and it manifestly is the duty and right of the court to consider *such* facts, wherever they appear in the pleadings and proceedings, we find no difficulty whatever in reaching the confident conclusion that the district court was and is without jurisdiction to issue any restraining order in the case below, or to go further with it.

It is contended by counsel for respondent that, even if there is no jurisdiction in the district court to issue and maintain the injunction in question, and

in no event, should the writ of prohibition issue under the practice and decisions of this court.

In the case of *The People ex rel. Alexander and others v. The District Court of the Tenth Judicial District, Dixon, Judge,* 29 Colo. 208, this court, speaking through Mr. Justice Gabbert, most aptly says:

"The people of the state, by constitutional provision, have vested this court with the authority to issue extraordinary remedial writs. One object of this was to provide a remedy whereby questions *publici juris* could be speedily determined by the highest court of the commonwealth. The writ of prohibition is not one of right, but may issue in extraordinary cases in the exercise of a sound discretion, and we must be governed by the exigencies of each particular case."

Thus it will be seen that this court is to be governed, in the issuance of this extraordinary writ, by the circumstances and conditions of each particular case. No inflexible rule can be made to fit every emergency. Each case must rest upon its own peculiar facts, and the court should be guided, in the exercise of its discretion, by the needs and deserts of the case in hand. It is not believed that any one ever thought or intended, that the authority given this court by the constitution to exercise such discretion, had been permanently assigned away, because of a certain conclusion reached by it in a particular case, or by some mere rule of practice.

Counsel for respondent chiefly relies to support his contention that the writ should be refused, upon the authority of the *Benbow case,* reported at page 440 of 37 Colorado, where a similar application was denied, although even there the rule was specifically recognized that, in an exceptional case, the writ may go. That case, however, is clearly distinguishable

from the one now under consideration. A *bona fide* disputed fact matter, as to which one really was entitled to the place, was there presented. The question was whether by removal from the county Benbow had forfeited the office. Here there is and can be no dispute. It should also be further observed that in that case the denial of the writ was in favor of the one in office, and holding the evidence of title, namely, his certificate of appointment from the governor. Here the writ goes in recognition of the one holding the certificate of election and already in office, against one seeking to hold over, in the face of a constitutional provision apparently affirmatively forbidding it, and where, whatever else may be said, his term of office has actually expired by limitation. The facts show that the two commissioners, about whose rights there is no question, cannot agree to act together in case Olson is recognized, and that Olson, with no right of any kind to the office, in conjunction with Commissioner Brooks, are proceeding to do business as the board of county commissioners. Under such conditions their acts, upon the authority of *The People ex rel. Williams v. Ried, supra,* are absolute nullities, and can only result in plunging the county into possible endless litigation, and its business affairs into interminable and inextricable confusion. Thus it will be seen that there is more involved than the mere question of which person shall hold the office. Under the peculiar state of facts disclosed substantial matters of general concern are affected. Public necessity therefore demands, and under these circumstances is entitled to have, immediate action by this court. If one whom the people have chosen to represent them in an official capacity is to be arbitrarily removed by a writ of injunction, such action goes to the very root and foundation of representative government, and should be summarily dealt

with. This appeals to us not only as an exceptional, but as an extraordinary case, and to fairly fall within the rule suggested in the Benbow decision. It is indeed so exceptional that we are little surprised at our inability to find anywhere in the books another exactly like it, the *Hinckley case, supra,* being the most nearly so.

If the judge of a trial court may, by the arbitrary exercise of the extraordinary writ of injunction, remove from the office of county commissioner one who has been duly elected by the people, who has entered upon the discharge of his duties, bearing with him every insignia of right and title thereto, which the law requires, and this court is without authority to stay such action, or having authority, upon a mere question of practice refuses to exercise it, what is to prevent like action, upon the mere whim or caprice it may be of some other judge, against any other duly elected, qualified and acting public official, even the governor himself?

Referring to the matter set forth in respondent's supplemental answer, showing that after the writ herein to show cause had issued, the relators gave notice of a meeting of the board of commissioners of Elbert county for a subsequent day, possibly anticipating that they would be permitted to proceed with public business. It appears that such meeting was never in fact convened, and that nothing whatever has been done, or attempted by the relators, contrary to or in conflict with the terms of the restraining order, except as the giving of said notice may be so construed. Let it be distinctly understood that this court places its stamp of emphatic disapproval upon any act, or attempted act by either counsel or litigants, in this or any other case, which may be construed, in the slightest degree, as an affront to the courts or judges, or as an intentional disregard

of the orders of either. Counsel, who alone assumes responsibility for the act complained of, positively disclaims by such conduct any intentional disrespect to court or judge, or disobedience of the writ, and tenders abundant and unreserved apology, alike to this court, and, as well, to the trial court and judge. The disclaimer and apology both appear to be in good faith, and we are disposed to so regard them. But however ill-advised and reprehensible such act of counsel may have been, it should not be permitted to militate against the clear right of the people of an entire county, who are wholly blameless in that respect, to have and receive the relief and protection to which they are entitled.

The pretended defense urged, having to do with the form, and it goes to the mere form only, of the duly approved official bond of the relator Pauls, is unworthy of serious notice. That matter was not relied upon, and was not even mentioned in the complaint in the equity suit, as a ground for relief. If it be true that this bond might be in more ample form, that is not a matter for equitable cognizance. If remedy be needed let it be applied under the provisions of the statute, upon due notice, or through action at law. The power and duty of approving commissioners' bonds, both as to form and sufficiency of sureties, by express statute, is lodged with the judge of the district court of the proper district, and in this case has been exercised. The board of commissioners is certainly powerless to arbitrarily and without notice overturn such approval, if indeed it may do so at all.

Since the court below was without jurisdiction to award an injunction and the facts are undisputed which show the plain right of the relator Pauls to the office, the duty of this court, in the exercise of a sound discretion, is to grant the relief prayed. Wherefore

the rule to show cause is sustained, and the writ heretofore issued is made permanent.

Decision *en banc.* Mr. JUSTICE CAMPBELL and Mr. JUSTICE GABBERT dissent.

---

Mr. JUSTICE GABBERT dissenting.

We express no opinion on the merits of the controversy as discussed by Mr. Justice Bailey, for the reason that, in our judgment, the case presented by petitioners is not one which we should entertain by proceedings in prohibition. We regard this as the important question, because it is only in exceptional cases that the original jurisdiction of this court should be exercised. According to the established precedents this case does not fall within the exceptions. Prior to April, 1905, the original jurisdiction of this court was invoked so frequently, and so often exercised, that the usual and regular business of the court was greatly interfered with. A reference to the published reports embracing the decisions of this court prior to that date fully justifies this assertion. In order to properly limit the exercise of our original jurisdiction, we adopted the practice which has been uniformly followed by the supreme courts of other states upon which original jurisdiction has been conferred by constitutional provisions similar to our own, that such jurisdiction would not be exercised except in cases involving questions *publici juris,* and not then where the question sought to be raised by proceedings in prohibition could be reviewed in the regular way; or, in other words, original jurisdiction under the constitution would not be assumed when the petitioner has an adequate remedy by appeal or writ of error. We so declared in the *Benbow case,* 37 Colo. 440, which is identical with the case at bar. We have extended the practice to applications for *habeas corpus. In re Stidger, id.* 407; *in re*

*Doherty, id.* 422. When the opinions in the above cases were handed down, the members of the court as now constituted who were members then, joined in the conclusions announced. We know of no reason why we should now change our views on the subject.

Assuming that a contest between two individuals for the office of county commissioner of Elbert county is involved, it does not appear that petitioners cannot have the judgment of which they complain reviewed in the regular way, or that their remedy by appeal or error is not adequate. Within about thirty days a regular term of court will convene in Elbert county, where the questions of law and fact presented by the case which it is sought to inhibit the district court from further considering can be determined. The defeated party can bring the case here for review in the usual way. From the nature of the questions presented the cause would doubtless be advanced to a speedy hearing. It does not appear that in the interim the public will be injuriously affected by allowing the cause to take its regular course. In fact, according to the opinion of the majority of the court, the only question presented is, which of two persons is entitled to the office of county commissioner of Elbert county. Neither their rights nor the rights of the public will be jeopardized by remitting the contestants to the usual remedy.

The cases cited in the original opinion, from 11 and 29 Colorado, were considered by the court before the adoption of the practice to which we have adhered since April, 1905, consequently, in our opinion, are not in point upon the question of when we should exercise our original jurisdiction.

Upon complaint being filed in the court below, notice was given that on a day fixed an application for a temporary injunction would be made. On the date thus named, defendants moved to dismiss, be-

cause the case presented by the complaint was one of which the court did not have jurisdiction. This motion was overruled. The defendants then demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action; that the court did not have jurisdiction of the subject-matter of the action; and that there was a misjoinder of parties. This demurrer was overruled, whereupon a temporary restraining order was made, inhibiting all parties to the action from holding a meeting of the board of county commissioners until the further order of the court. Thereafter the defendants answered. To their answer replication was filed. On the issues of law and fact thus formulated, and a further agreed statement of facts, a hearing was had, with the result that a judgment was rendered adverse to petitioner Pauls, to the effect that he refrain from interfering with Olson in the discharge of his functions as county commissioner, until he, Pauls, shall have established his right and title to the office of county commissioner, in the manner provided by law. The judgment further inhibited Brazelton from attempting to act as county commissioner, in conjunction with Pauls, until the latter should have established his right to the office of commissioner. Petitioners now seek to have that judgment annulled, upon the ground that the district court was without jurisdiction. Clearly, in the circumstances of this case that question should not be determined in prohibition, but should be reviewed at the appropriate time, on error. We have frequently and uniformly held that a writ of prohibition will not be allowed to usurp the office of a writ of error or appeal.—*McInerny v. City of Denver,* 17 Colo. 302. In the present case that practice is certainly violated, for the reason that petitioners are not seeking to prevent a judgment, but to annul one already pronounced.

There is a further reason why we should refuse to exercise jurisdiction in prohibition. The original complaint filed in the court below does not disclose that the right or title to the office of county commissioner of Elbert county is involved. The defendants, by their answer, injected that question into the case. In *People ex rel. Vigil v. District Court of the Third Judicial District*, 33 Colo. 66, we expressly held that the attempt, in an answer, to set up matters which would oust the district court of jurisdiction to entertain an action commenced therein could not be considered on an application for a writ of prohibition. In departing from this salutary rule of practice by considering the pleadings and agreed statement of facts presented to the court below, instead of ascertaining the question of jurisdiction from the complaint alone, the court has tried the merits of the controversy in order to ascertain whether the district court has the power to try them. Shall we stand by established precedent, and make the rule certain with respect to when the original jurisdiction of this court may be invoked and exercised, or shall we exercise it according to our own notions of when a case demands it, without regard to previous decisions on that subject? The practice heretofore established makes it certain when our original jurisdiction in prohibition should be exercised. The departure from it in the case at bar leaves it uncertain, governed, as it is, by the individual views of the personnel of the court, without any fixed rule by which to determine it. As stated at the outset, we express no opinion on the merits of the controversy because, for the reasons given, we should not assume jurisdiction by proceedings in prohibition.

I am authorized to state that Mr. Justice Campbell concurs in this opinion.