No. 16,874.

McCoy *v.* District Court of Larimer County et al.

(246 P. [2d] 619)

Decided June 23, 1952

Messrs. Wolvington & Wormwood, for plaintiff.

Messrs. McComb & Zarlengo, for individual defendants.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

THIS is an original proceeding in the nature of prohibition. It arises out of six separate actions brought against William A. McCoy in the district court of Larimer county. In said actions the several plaintiffs sought damages resulting from an automobile accident which occurred on April 19, 1951, in Larimer county, Colorado. Lynn M. Longley was the driver of one of the automobiles involved in the accident, and plaintiff in this cause, William A. McCoy, was driver of the other car. Five of the cases have been consolidated for trial. The suit filed by Mr. Longley, however, was not included in the consolidation and is set separately for trial.

A pre-trial conference was held at which the district court of Larimer county was advised that, sometime after the date of the accident, statements were taken from each of the plaintiffs who had filed said actions, by representatives of an insurance company which had issued a liability policy to McCoy. A demand was made by each of the plaintiffs in said actions that McCoy be required to furnish them with copies of the statements that each of them had theretofore made. McCoy, through his attorney, refused this demand and the court directed that a written motion for the production of said statements should be filed of record, and further ordered that briefs be filed by counsel in support of their respective positions.

The motion to produce statements was filed as directed, and is as follows:

"Comes now plaintiff, above named, by his attorneys, McComb and Zarlengo, and moves the Court for an order requiring the defendant to produce and to permit plaintiff to inspect and to copy the following documents: Statements made by the plaintiff to the investigator employed by the insurance company carrying the public liability insurance on the defendant's vehicle.

"As grounds for this motion, plaintiff states that defendant or his attorney has the possession, custody, or control of each of the foregoing statements or copies

thereof, and that each of them constitutes or contains evidence relevant and material to this action, as is more fully shown in Exhibit A attached hereto."

The court, in ruling upon said motion, filed a "memorandum" as follows:

"At pretrial conference in the above cases on April 7, 1952, counsel for plaintiffs requested defendant to produce and permit inspection and copy of statements made by the plaintiffs to a representative of defendant; and that request not having been complied with, notice was given that motion for that purpose would be filed, and to be submitted upon briefs. Such motion, supported by affidavit of one of the plaintiff's counsel, was presented for filing April 17, 1952, accompanied by memorandum brief in support of the motion. Answering brief was filed by counsel for defendant April 24, 1952.

"The sustaining of the motion as made is not to be taken as a precedent or rule to be followed under Rule 34. On the contrary, it cannot be justified under the provisions of that Rule alone. When the request to produce was made at the pretrial conference, I was under the impression, either by statements of plaintiffs' counsel or possibly by a supposition only on my part, that the statements were made and obtained shortly after the happening of the collision, and possibly while the plaintiffs were still suffering from shock or stress resulting from their injuries, and that there was fear that the statements taken under the circumstances might be inconsistent with their present contentions.

"Now the motion and affidavit in support thereof signally fails to make any such showing or any 'showing good cause.' A strict ruling under Rule 34 would require a denial of the motion for reasons that are fully stated in case cited by defendant, Hudalla v. Chicago Company, 14 Federal Rules Service 586, and reported in 10 F.R.D. 363, 365.

"However, the motion made was and is in connection with pretrial conference, and one purpose of pretrial

conference is to aid in the disposition of the action, which may well include, among other discovery mechanisms, disclosure so that 'civil trials need no longer be carried on in the dark by either party to them.'

"Thus, considering the motion in connection with and really as a part of pretrial conference, even in the absence of any sufficient showing, and in the interests of progress and prevention of possible surprise, the defendant is required to disclose the contents of the documents called for. The several plaintiffs, at the time their statements were made, could have properly requested and received copies thereof for their own record, and now that request having been made by their counsel, it is not unreasonable to require the defendant to comply with such request. There has been no suggestion that there is any substantial ground against making the disclosure."

The court sustained the motion and ordered McCoy to "furnish counsel for the several plaintiffs copies of the statements requested or produce such statements and permit counsel for plaintiffs to make such copies; all not later than ten days before the trial, * * *." Thereupon these proceedings were instituted and the rule to show cause issued upon the complaint of McCoy.

Questions to Be Determined.

First: *Under Rule 34, R.C.P. Colo., does the plaintiff in an action for damages for personal injuries have an unqualified right to examine a statement signed by him and delivered to the defendant during an investigation conducted prior to the time suit was filed?*

This question is answered in the negative. The pertinent part of Rule 34, R.C.P. Colo., is as follows: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which consti-

tute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control;"

This rule authorizes the relief sought upon "showing good cause therefor." There was no showing of any circumstance, surrounding the taking of the statements, which would justify an order requiring their production by McCoy for use by the persons who made them. In considering a similar question the United States Court of Appeals for the Third Circuit, in the case of *Alltmont v. United States,* 177 F. (2d) 971, said: "The Rules, however, do not give a party an absolute right to obtain either the text or a resumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case."

In *Hudalla v. Chicago, M., St. P. & P. R. Co.,* 14 Federal Rules Service, page 586, it was held that a plaintiff in an action for personal injuries is not entitled to examine his own statement, given to defendant's claim agent, in the absence of a showing of good cause. The court held, in effect, that "good cause" is not shown by mere conclusions that the plaintiff cannot properly pre-

pare for trial unless his application for production of his own statements is granted. To like effect is *Martin v. Capital Transit Co.,* 170 F. (2d) 811. The case most generally quoted upon the issue here presented is that of *Hickman v. Taylor,* 329 U.S. 495.

The statements which were signed by the several plaintiffs—defendants in this case—following the accident are obviously sought for purposes other than that of providing information concerning the facts upon which the several claims are based. There is no suggestion that the declarant in each statement was not in full possession of his faculties when the instrument was signed, nor is there any reason given why his present version of the facts should differ from that contained in the written instrument. It would seem that the chief purpose sought to be accomplished by the motion was to be certain that, upon the trial, the testimony of those who signed such statements should be reasonably consistent with the facts as set forth in the written documents. McCoy should not be deprived of the right to compare the testimony given upon the trial with the statements previously signed by persons who testify.

■■ The district court apparently concluded that the showing made in the instant case was insufficient—under Rule 34, R.C.P. Colo.—to justify an order to produce the documents, but concluded that, since the matter arose in connection with the pre-trial conference the insufficiency of the showing might be disregarded. In this conclusion the trial court erred. Rule 16, R.C.P. Colo., which provides for a pre-trial conference, does not confer upon a trial court authority to compel the production of any documents or force the making of any admissions. *Duffy v. Gross,* 121 Colo. 198, 214 P. (2d) 498. The only section of said rule in which documents are specifically mentioned, is to the effect that the court may order the attorneys for the parties to appear before it for a conference to consider "the possibility of obtaining admissions of fact and of documents which will avoid unnecessary

38

proof." If in any case a litigant is entitled to the production of documents he must bring himself within the provisions of Rule 34 R.C.P. Colo.

■ Second: *Is there an adequate remedy, by writ of error, available to the plaintiff in cases wherein he is named defendant, by reason of which the writ in the nature of prohibition should be denied?*

This question is answered in the negative. It is contended by the defendants in this action, plaintiffs in the cases in the district court, that a writ in the nature of prohibition is an extraordinary remedy and should be granted only in cases where the party seeking the writ does not have an adequate remedy by writ of error. The rule thus stated unquestionably is correct, but it is not applicable to the situation disclosed by this record. If plaintiff is required to produce the statements and make them available to defendants, any and all value which they might have in subsequent trials would unquestionably be lost, and even though a judgment should be reversed because of error in requiring the production of such statements, the plaintiff would be little benefited thereby. We are persuaded that, under the facts of this case, proceedings in the nature of prohibition are proper. Accordingly, the rule is made absolute.