No. 17,091.

SHORE *v*. DISTRICT COURT ET AL.

(258 P. [2d] 485)

Decided May 18, 1953.

488

Mr. ISAAC MELLMAN, Mr. GERALD N. MELLMAN, for petitioner.

Mr. PHILIP S. VAN CISE, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding instituted by petitioner Harold Alden Shore for the issuance of a writ of prohibition. Upon presentation of the petition on file herein we issued our rule to show cause why an order entered by the district court of Adams county should not be vacated. This order was entered February 16, 1953, and

purported to consolidate for trial two criminal cases pending in said court.

Respondents filed their answer and brief. The undisputed material facts as shown by the petition and answer are as follows:

February 3, 1953, the district attorney, within and for the First Judicial District, filed an information — numbered C-1370 — in the district court of Adams county. In this information it was charged that on January 31, 1953, eleven persons named therein as defendants did unlawfully and feloniously enter into a conspiracy to commit the crime of obtaining money and other property by means of the confidence game. Thereafter, and on February 11, 1953, the district attorney filed in said court a separate information — numbered C-1372 — in which petitioner and one Donald Klita Shore were charged with the offense of entering into a conspiracy to obtain money and other property by means and by use of the confidence game. Neither of these defendants was named as a party in the first information.

February 16, 1953, six additional counts were filed in cause No. C-1370, which said counts charged Clyde Smaldone and Eugene Smaldone, two of the defendants in said action, with having previously been convicted of separate and distinct felonies. On the same day, the district attorney filed his motion in said actions requesting that they be consolidated, and as grounds therefor stated that at the time cause No. C-1370 was filed he did not know that the two defendants named in No. C-1372 "were parties with the defendants named in case No. C-1370 in the Conspiracy to Commit Confidence Game." It further was stated in the motion that petitioner and said Donald Klita Shore should have been named as co-defendants in action No. C-1370 and "should be tried with the defendants therein on that count." Over the objection of the petitioner the court granted the motion to consolidate.

Questions to be Determined.

■ First: *Where two separate criminal informations are filed against particular defendants, none of whom is accused in both informations, can a defendant thus separately charged in one information be forced, over his objection, to stand a joint trial with defendants named in the other information which charges the commission of a crime of the same general nature?*

This question is answered in the negative. In 23 C.J.S., at page 212, is the following statement: "In determining the rights of defendants separately indicted to joint or separate trials, the court is bound by the contents of the indictment or information and cannot look beyond its averments." The informations which form the basis of this controversy contain no averments of any kind which tend in the least to identify any of the transactions which formed the basis of the conspiracies alleged. While it was alleged in each of said informations that the conspiracies were entered into "on the 31st day of January, A. D. 1953, at the said County of Adams in the State of Colorado," the district attorney is not compelled to prove the existence of any conspiracy as of that date. Thus, from all that appears from the contents of the informations, separate and distinct offenses are charged against separate defendants. In *People v. Foward,* 134 Cal. App. 723, 26 P. (2d) 532, the court used the following pertinent language: "Where, as here, neither information refers in any way to the other, there can be no consolidation, regardless of evidence produced during the trial indicating that the charges relate to the same set of circumstances. This is so because in determining the rights of the parties relative to joint or separate trials in such cases, the trial court is bound by the contents of the information or indictment and cannot look beyond its averments. The matter is jurisdictional. In case the trial court, as it did here, disregards the defendants' rights and unlawfully consolidates trials, it is not mere error which can be cured by the application of

the provisions of section 4½ of article VI of the Constitution. All of the above legal propositions are decided in *People v. O'Connor*, 81 Cal. App. 506 [254 Pac. 630], which authority is determinative of this appeal." The case of *Gallaghan v. United States*, 299 Fed. 172, is authority for the proposition that two or more indictments or informations, in which different defendants are accused, cannot be consolidated for trial over the objections of any defendant named therein.

█ It follows from the foregoing that a joint trial of petitioner, who was named defendant in cause No. C-1372, with the eleven defendants named in cause No. C-1370, would have been conducted in disregard of the substantial rights of the defendants in each case, and any defendant who objected to said consolidation would have been entitled to a new trial in the event he was convicted. If, in fact, the defendants named in the two indictments were parties to but one conspiracy, the remedy of the district attorney, upon ascertaining that additional defendants should have been named in the information first filed, was to file a new information naming all persons who were connected with the crime, as defendants. The fact that there might be prior separate informations pending against some of the defendants thus named would not preclude their trial on the subsequent information, against additional joint defendants, charging substantially the same crime. 23 C.J.S. 213; *United States v. Twentieth Century Bus Operators*, 101 F. (2d) 700.

Second: *Do the admitted facts in the instant case present a situation in which the original jurisdiction of this court may be invoked by petition for writ of prohibition?*

This question is answered in the affirmative. Article VI, section 3, of the Constitution of the State of Colorado, confers upon this court original jurisdiction in certain matters. It provides, inter alia: "It [Supreme Court] shall have power to issue writs of habeas corpus,

mandamus, quo warranto, certiorari, injunction, and other original and remedial writs, with authority to hear and determine the same." This original jurisdiction is discretionary. *Clark v. Utilities Commission,* 78 Colo. 48, 239 Pac. 20. It may neither be enlarged nor abridged by the legislature. *Leppel v. District Court,* 33 Colo. 24, 78 Pac. 682.

■ ■ · In the decisions of this court there has been a marked lack of uniformity in adhering to rules laid down in particular cases. For instance, in the case of *People ex rel. v. District Court,* 81 Colo. 163, 255 Pac. 447, we find these statements: "Prohibition does not lie if the trial court has jurisdiction. * * * Prohibition may not take the place of a writ of error." In *People ex rel. v. District Court,* 74 Colo. 48, 218 Pac. 912, our court said: "Prohibition is a discretionary writ with us and is not granted, unless, in connection with other matters, an inferior court has no jurisdiction to act." Notwithstanding these broad statements, we find in the case of *People ex rel. v. Elbert District Court,* 46 Colo. 1, 101 Pac. 777, the following statement: "Thus it will be seen that this court is to be governed, in the issuance of this extraordinary writ, by the circumstances and conditions of each particular case. No inflexible rule can be made to fit every emergency. Each case must rest upon its own peculiar facts, and the court should be guided, in the exercise of its discretion, by the needs and desserts of the case in hand. It is not believed that anyone ever thought or intended, that the authority given this court by the constitution to exercise such discretion, had been permanently assigned away, because of a certain conclusion reached by it in a particular case, or by some mere rule of practice."

In keeping with this principle our court recently has exercised original jurisdiction by prohibiting the district court of the City and County of Denver from proceeding to trial in an action in which it erroneously had denied a motion for change of venue to Grand county. *Jameson*

*v. District Court,* 115 Colo. 298, 172 P. (2d) 449. In that case defendant invoked the original jurisdiction of this court solely on the ground that his motion for change of venue was denied, and we directed the trial court to grant said motion. In other cases we have declined to accept original jurisdiction where the sole ground urged for prohibition was that a trial court had erroneously denied a motion for change of venue. The only basis for distinguishing these cases is the adequacy and sufficiency of the remedy available by writ of error under all the facts and circumstances of each particular case.

In the more recent case of *McCoy v. District Court,* 126 Colo. 32, 246 P. (2d) 619, it appeared that the trial court, in an action for personal injuries, had entered an order on pretrial conference requiring defendant to furnish plaintiff with copy of a statement which plaintiff voluntarily had given to a representative of defendant shortly after the accident in question. The defendant refused to comply with the order and filed his original petition in this court for relief in the nature of prohibition. In granting the writ, we said: "It is contended by the defendants, in this action, plaintiffs in the cases in the district court, that a writ in the nature of prohibition is an extraordinary remedy and should be granted only in cases where the party seeking the writ does not have an adequate remedy by writ of error. The rule thus stated unquestionably is correct, but it is not applicable to the situation disclosed by this record. If plaintiff is required to produce the statements and make them available to defendants, any and all value which they might have in subsequent trials would unquestionably be lost, and even though a judgment should be reversed because of error in requiring the production of such statements, the plaintiff would be little benefited thereby. We are persuaded that, under the facts of this case, proceedings in the nature of prohibition are proper. Accordingly, the rule is made absolute."

*People ex rel. v. District Court,* 60 Colo. 1, 152 Pac.

149, was a case in which a trial judge had refused to disqualify himself in a homicide case. The defendant instituted original proceedings in this court for a writ of prohibition and prayed for an order directing the trial court, or the judge thereof, to change the venue of the action or call in another district judge to preside at further hearings in the case. The writ was granted. Our court said, inter alia: "As said in *People v. The District Court, supra,* ordinarily, prohibition only lies to prevent the lower court from proceeding further with the cause, but where this would not give the relator the relief to which he is entitled, the writ may direct that all proceedings had in excess of jurisdiction be quashed and the order entered which should have been."

■ Jurisdiction in matters involving original and remedial writs is expressly conferred by constitutional provision. Within the sound discretion of this court such writs, including writs of prohibition, may be issued or denied, without legislative interference, in the furtherance of justice and in the preventing of delay and expense of a retrial which necessarily would follow in the event of a reversal on writ of error. Every such case must be considered upon the facts and circumstances therein presented, without reference to the reasons assigned for granting or refusing the writ under facts and circumstances which were different from those under consideration.

In the case at bar it appears without contradiction that a joint trial of the two cases would be conducted at great expense to the county and defendants, and several weeks would be consumed before the trial could be concluded, and it is a matter of common knowledge that several hundred prospective jurors have been summoned in anticipation of the difficulties that may be encountered in selecting a jury.

Since we are of the opinion that a joint trial of the two causes, over the objection of petitioner, would constitute reversible error, we would be remiss in our duty

to the public and to defendants if we failed to correct the error at a time when no prejudice would result. Accordingly, the rule is made absolute; the respondents are directed to vacate the order consolidating the said actions for trial; and it further is ordered that additional proceedings, if any, upon said informations, be conducted as separate and distinct cases.

MR. JUSTICE ALTER and MR. JUSTICE KNAUSS dissent.