273 P.2d 1017 (1954)
VALAS et al.
v.
DISTRICT COURT OF CITY AND COUNTY OF DENVER et al.
No. 17434.
Supreme Court of Colorado, en Banc.
July 12, 1954.
Solomon Girsh, Denver, for plaintiffs.
John M. Evans, Denver, for defendants.
MOORE, Justice.
This is an original proceeding instituted in our Court by plaintiffs who seek relief in the nature of prohibition. The circumstances giving rise to the controversy, as shown by the pleadings on file herein, are as follows:
Rodriguez and Sarkisian, as lessors, filed an action in the district court of the City and County of Denver, in which Rudolph Valas and Harry Valas were defendants. In that action they sought to recover judgment against defendants for delinquent rent payable under the terms of a written lease under which defendants were lessees. They also sought to recover a balance alleged to be due for taxes assessed against the leased premises, payment of which should have been made by the lessees.
The complaint in said action was filed December 29, 1953, and, before any appearance was made on behalf of defendants, plaintiffs filed an instrument entitled, "Motion for Order for Return of Property," in which it was alleged, in substance, that defendants were indebted to plaintiffs, as stated in the complaint on file; that at the time the said indebtedness accured there was located on the premises covered by the lease a certain metal building; that plaintiffs, being informed that defendants intended to remove said building, "distrained said metal building for said rent and other obligations and posted a notice thereon and served a copy of such notice" upon defendants; that said alleged distraint notice was posted January 2, 1954; and that defendants and W. A. Hutchens, Inc. removed said metal building, which was of the value of approximately $1,000, from the premises.
The prayer of the motion was that the court "enter an order herein directed to defendants and each of them and to W. A. Hutchens, Inc.," commanding the return of the building to the premises, or, in lieu thereof, to furnish bond in the amount of $2,000 conditioned that defendants pay plaintiffs any and all sums found due them upon the trial of the action. Said motion was filed January 5, 1954; on the same day was heard ex parte; and the court entered an order which we quote in part as follows:
"1. That defendants and each of them and W. A. Hutchens, Inc., be and they are hereby ordered to return to plaintiffs' premises at 1045 East Colfax Avenue, Denver, Colorado, the metal building referred to and described in said Motion, or,
"2. That in lieu of the return of the building defendants furnish plaintiffs a *1018 bond with good and sufficient corporate surety in the amount of $2,000.00 conditioned that defendants pay plaintiffs any and all sums which may hereafter be found to be due plaintiffs on the Complaint herein.
"Dated January 5, 1954."
Forthwith thereafter, defendants filed their motion to vacate the order for return of property on the ground that the same was obtained without service of notice of the application therefor upon defendants; that under the laws of Colorado there is no right to distrain for delinquent payments of rent; and that the subject matter of the court's order was wholly outside any issues included within the complaint, which involved only the question as to whether defendants were indebted to plaintiffs.
This motion to vacate was denied February 15, 1954, and defendants thereafter filed a supplemental motion to vacate the order for the return of said metal building. In this supplemental motion they alleged that it was impossible for them to comply with the order for the reason that the building in question had been sold prior to the date of the entry of said order, and that defendants were unable to supply the bond ordered by the court. This supplemental motion was heard on April 19th and was denied; however the court reduced the amount of the bond which had been ordered, to $1,000. Thereafter, on April 30, 1954, the trial court issued a citation commanding defendants to show cause why they should not be punished for contempt. Thereupon these proceedings, in the nature of prohibition, were instituted in our Court and we ordered that a rule to show cause be issued.
It is argued by counsel for defendants in the district court actionplaintiffs in this proceedingthat the order to return the building, or in lieu thereof to post a bond, is void in that, "it was entered without the taking of testimony and upon an ex parte application." It further is contended that the tenants did not have their day in court and were "denied an opportunity of defending against the claims" included within the motion filed by the landlords, and were deprived of any opportunity to establish that said metal structure was sold and payment received before said order was entered, and was removed from the premises by the purchaser.
As justification for invoking the original jurisdiction of our Court plaintiffs in this action state, "Since the Order is not a final judgment, no Writ of Error will issue thereon and there is no plain, speedy and adequate remedy available to plaintiffs, other than this proceeding."

Question for Determination.
Assuming that the order of the trial court, directing plaintiffs to return the metal building to the premises or in the alternative to furnish a bond, is void, do plaintiffs have an adequate remedy by writ of error directed to a judgment which the trial court might hereinafter enter in connection with the proceedings in contempt for their failure to comply with the said order?
The question is answered in the affirmative. Whether the order of the trial court is a final judgment to which a writ of error will lie we need not determine. If, as contended by plaintiffs, the order is void, they have a right to treat it as a nullity and refuse to comply with it. It could only be enforced by proceedings in contempt, and any judgment of the trial court entered therein unquestionably would be subject to review in our Court by writ of error. The general rule is that, a writ in the nature of prohibition is an extraordinary remedy and should be granted only in cases where the party seeking the writ does not have an adequate remedy by writ of error. McCoy v. District Court of Larimer County, 126 Colo. 32, 246 P.2d 619; People ex rel. Barnum v. District Court of the Fourteenth District, 74 Colo. 48, 218 P. 912. The rule thus stated is flexible and our Court has indulged a wide discretion in cases where relief in the nature of prohibition has been sought. As pointed out in Shore v. District Court, 127 Colo. 487, 258 P.2d 485, 488, "`Each case must rest upon its own peculiar facts, and the court should be guided, in the exercise of its discretion, by the needs and deserts of the case in hand.'"
*1019 In the case at bar plaintiffs have treated the questionable order of the trial court as a nullity. A casual understanding of their position in that connection leads to the impression that it has considerable merit. Although a citation for contempt was issued by the respondent judge, he did not sign the order of which complaint is made. We cannot assume that the trial court will commit error by entering a judgment for contempt by which plaintiffs would be punished for failure to obey a void order. In the contempt proceedings instituted by plaintiffs in the district court action, the validity of the questioned order can be challenged and defendants in that action will be afforded full opportunity to justify their failure or refusal to comply therewith. If, by any judgment entered by the trial court in those proceedings, the tenants feel aggrieved, their remedy by writ of error is speedy and altogether adequate for the protection of their rights, and there is no occasion for invoking the original jurisdiction of this Court.
Accordingly, the rule to show cause is discharged.