No. 17,988.

Lois Meaker *v.* District Court
of Montrose County, et al.
(300 P. [2d] 805)

Decided August 20, 1956.   Rehearing denied September 4, 1956.

Mr. John R. Wall, for petitioner.

Messrs. Groves, Dufford & Turner, Mr. John A. Hughes, for respondents.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This action originated in this Court upon the filing on behalf of Lois Meaker (hereinafter referred to as the wife) of a petition which sought the issuance of a writ in the nature of prohibition commanding that respondents stay proceedings in an action pending in the re-

spondent district court and that the respondents be directed to show cause why a court order entered in said action should not be vacated.

The rule to show cause was issued as prayed for. The respondents filed their answer and brief and the cause is at issue upon the question as to whether the rule should be made absolute. Pertinent facts are as follows:

In 1948 Lois Meaker, the wife, was adjudicated a mental incompetent in the state of California. On February 9, 1950, she was adjudicated an insane person in Montrose County, Colorado; was thereafter placed in an institution for mental incompetents, where she remained until April 21, 1956. On that date, by order of the county court of Montrose County she was restored to reason.

September 15, 1952, Frank Meaker, her husband, obtained an interlocutory decree of divorce from said wife upon the statutory ground of cruelty. This decree became final March 15, 1953. The divorce action was No. 6785 in the district court of Montrose County. Following her restoration to reason, and on April 26, 1956, the wife filed her petition in the divorce action to set aside the decree, and she sought temporary support money, attorneys fees, and an order restraining the husband from alienating or encumbering the property. At the same time the wife caused to be recorded a notice of lis pendens affecting all property standing in the name of the husband. He forthwith filed his petition to vacate this notice of lis pendens upon the ground that in the operation of his business it was necessary for him to consummate an additional loan of $10,000.00 and that the said instrument of record prevented him from making the loan, to his irreparable damage. This petition was filed May 7, 1956.

May 14, 1956, the wife filed her petition for alternative relief, alleging that through the joint efforts of herself and husband a large amount of real estate had been acquired, together with livestock and other personal property. She prayed that in the event that her petition

to vacate the divorce decree should be denied "a just and equitable distribution of property" be had between the parties; that she be awarded permanent alimony and attorneys fees. The motion of the husband to vacate the notice of lis pendens came on for hearing May 22, 1956, and the respondent district court entered findings in favor of the husband and ordered that the wife forthwith execute and deliver to the husband an instrument subordinating her rights in the property of the husband to the $10,000.00 loan which he desired to secure.

The husband meanwhile had filed a motion to dismiss each petition filed by the wife upon the ground that each failed to state a claim upon which relief could be granted. The issues of law raised by these motions to dismiss have not been decided.

The wife then filed this original proceeding seeking relief as hereinabove indicated.

QUESTIONS TO BE DETERMINED.

*Where a party to an action asserts an interest in real estate and files a notice of lis pendens to protect that interest pending the final determination of the cause; and the trial court on motion and before final judgment orders said party to release or subordinate the claimed interest in order that the property may be encumbered by the fee title holder; will this court on original proceeding grant relief in the nature of prohibition to prevent the trial court from enforcing said order by contempt proceedings or by other means prior to entry of final judgment?*

The question is answered in the negative.

Rule 105 (f) R.C.P. authorizes the recording of a notice of lis pendens, and provides, inter alia, that: "A notice of lis pendens filed as provided by law shall remain in effect for 30 days from the time of entry of final judgment in the trial court."

It is the position of counsel for the wife that the trial court exceeded its jurisdiction and abused its discretion in entering the order requiring the wife to subordinate

her interest to the proposed loan notwithstanding the rule above quoted. Upon first impression there would seem to be considerable merit to that position. This does not mean, however, that we should grant the relief sought in the original proceeding.

In *Valas v. District Court,* 130 Colo. 21, 273 P. (2d) 1017, under a similar factual situation we said:

" * * * If, as contended by plaintiffs, the order is void, they have a right to treat it as a nullity and refuse to comply with it. It could only be enforced by proceedings in contempt, and any judgment of the trial court entered therein unquestionably would be subject to review in our Court by writ of error. The general rule is that, a writ in the nature of prohibition is an extraordinary remedy and should be granted only in cases where the party seeking the writ does not have an adequate remedy by writ of error. McCoy v. District Court of Larimer County, 126 Colo. 32, 246 P. (2d) 619; People ex rel. Barnum v. District Court of the Fourteenth District, et al., 74 Colo. 48, 218 Pac. 912. The rule thus stated is flexible and our Court has indulged a wide discretion in cases where relief in the nature of prohibition has been sought. As pointed out in Shore v. District Court, et al., 127 Colo. 487, 258 P. (2d) 485, 'Each case must rest upon its own peculiar facts, and the court should be guided, in the exercise of its discretion, by the needs and deserts of the case in hand.'

" * * * We cannot assume that the trial court will commit error by entering a judgment for contempt by which plaintiffs would be punished for failure to obey a void order. In the contempt proceedings instituted by plaintiffs in the district court action, the validity of the questioned order can be challenged and defendants in that action will be afforded full opportunity to justify their failure or refusal to comply therewith. If, by any judgment entered by the trial court in those proceedings, the tenants feel aggrieved, their remedy by writ of error is speedy and altogether adequate for the protection of

their rights, and there is no occasion for invoking the original jurisdiction of this Court."

The language hereinabove quoted is applicable to the instant case and the rule is accordingly discharged.