121 So.2d 673 (1960)
Thomas Holland COLLIER, Individually, and Thomas Holland Collier and Frank B. Collier, d/b/a Picnic & Patio Shop, Petitioners,
v.
Gordon E. McKESSON, Respondent.
No. 59-233.
District Court of Appeal of Florida. Third District.
June 16, 1960.
Rehearing Denied July 15, 1960.
Reece & Murray, Miami, for petitioners.
Kelner & Lewis, and Fred Patrox, Miami, for respondent.
HORTON, Chief Judge.
This petition for certiorari seeks review of an order entered as a result of a pre-trial conference in a negligence action wherein the petitioner was the defendant.
We first concern ourselves with the propriety of the remedy of certiorari to review an interlocutory order at law. The rule seems well established that an appellate court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after judgment, then the appellate court will consider granting the writ  such as where a court acts without or in excess of its jurisdiction, does not *674 conform to the essential requirements of the law, or enters such order as may cause material and irreparable injury in the subsequent proceedings in the cause. See Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541; Atlantic Coast Line R. Company v. Allen, Fla. 1949, 40 So.2d 115; Seaboard Air Line R. Company v. Timmons, Fla. 1952, 61 So.2d 426; Brooks v. Owens, Fla. 1957, 97 So.2d 693; Boucher v. Pure Oil Company, Fla.App. 1958, 101 So.2d 408.
The respondent, prior to the pre-trial conference, became aware that certain surveillance movies had been taken by the petitioner and moved in the pre-trial conference for their production. The petitioner declined to produce the movies on the ground that they were a work product and if used at trial, would be for impeachment purposes only. The trial judge entered an order requiring production of the movies, and it is this order which is sought to be reviewed by certiorari.
The sole issue tendered by the petitioner is whether or not the trial judge, upon pre-trial conference in a negligence action, where the alleged injury was permanent in nature, may require production of surveillance movies made of the injured party.
The respondent concedes that the movies are work product and not subject to production, under the discovery rules of the Florida Rules of Civil Procedure, prior to pre-trial, and further concedes that the movies would not be subject to production at any time if not intended for use at trial.
The question here arises under Rule 1.16, Florida Rules of Civil Procedure, 30 F.S.A., and concerns the authority of the trial judge to require the production of a potential evidentiary document. The respondent, notwithstanding his concessions, contends that they should be made available and therefore, the trial judge had authority to require production. He relies on the case of Burton v. Weyerhaeuser Timber Company, D.C.D.Or. 1941, 1 F.R.D. 571, 572, wherein the court said:
"The test to be applied on impeaching matter or any factual issue, which counsel feels should not be disclosed to his opponent in advance of trial, is the simple one  whether disclosure or non-disclosure will best promote the ends of justice. That is for the judge conducting the pre-trial hearing to determine."
The petitioner vigorously contends that the movies will be used only for impeachment purposes and that to require their production prior to trial would deny him his right of cross-examination. Neither the petitioner nor the respondent have cited us any controlling authorities bearing directly on this question, nor has our research discovered any. However, in Peoples City Bank v. John Hancock Mut. Life Ins. Co., 353 Pa. 123, 44 A.2d 514, 518, 161 A.L.R. 1143, the Supreme Court of Pennsylvania said:
"While the rules for pre-trial conference provide a method of simplifying issues, and control trial procedure, there is nothing to indicate that they were intended to displace the bill of discovery; they do not provide for the compulsory disclosure of evidence by the opposing party under oath  one of the essentials of discovery."
Rule 1.16, Florida Rules of Civil Procedure, provides for pre-trial procedure as follows:
"After all issues are settled the court may of its own motion or shall on motion of either party to the cause, direct and require the attorneys for the parties to appear before it for conference to consider and determine:
"(1) The simplification of the issues;
"(2) The necessity of desirability of amendments to the pleadings;
"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

*675 "(4) The limitation of the number of expert witnesses;
"(5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pre-trial purposes;
"(6) Such matters as may aid in the disposition of the action."
Rules 1.21 through 1.31, Florida Rules of Civil Procedure, provide for the discovery processes available to both parties. Nowhere in Rule 1.16, Florida Rules of Civil Procedure, do we find vested in the court the authority to require the production under any of the discovery processes provided by the rules. A digest of various authorities on this subject matter leads us to the conclusion that the authority of a trial judge in a pre-trial conference is basically to narrow and clarify the issues between the parties, and if no justiciable issue is apparent from such conference, then it is within his power to terminate the litigation. Otherwise, he should specify by order the issues to be tried, the amendments, if any, to the pleadings, the admissions of fact and of documents, the limitation as to the number of expert witnesses, any preliminary rulings on matters of law relating to the case and as to competency and admissibility of evidence, and such other matters as will aid the court in limiting the issues for trial and an early disposition of the cause. See Nims, Pre-trial, 135 (1950) "Pre-trial and Disclosure and Discovery"; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C., 10 F.R.D. 39; Michel v. Meier, D.C., 8 F.R.D. 464; Poole v. White, D.C., 2 F.R.D. 40.
The fact that respondent is aware of the existence of the movies and their intended use for impeachment purposes, to some extent eliminates the element of surprise, even though if and when exhibited, their content may be different from that anticipated. To require the production of an admitted work product of a party at pre-trial would destroy the possible protection afforded such party by the provisions of Rule 1.28, Florida Rules of Civil Procedure. See McCoy v. District Court of Larimer County, 126 Colo. 32, 246 P.2d 619.
Accordingly, the petition for certiorari is granted and the questioned order is quashed.
It is so ordered.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, JR., Associate Judge, concur.