No. 22814.

THE FIRST NATIONAL BANK OF ENGLEWOOD AS GUARDIAN OF THE ESTATE OF ROBERT H. KORNOCK, A MINOR, AND AS ADMINISTRATOR OF THE ESTATE OF KENNETH KORNOCK, DECEASED *v.* THE DISTRICT COURT IN AND FOR THE COUNTY OF JEFFERSON; HONORABLE ROSCOE PILE, JUDGE; DENVER & RIO GRANDE WESTERN RAILROAD, A DELAWARE CORPORATION.

(432 P.2d 1)

Decided October 2, 1967.

BENJAMIN E. SWEET, DYER and SWENSON, for petitioner.

ERNEST PORTER, KENNETH D. BARROWS, DONALD. D. PFEIFER, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an original proceeding. On the petition as presented we deemed it advisable to issue a rule to the respondent judge to show cause why the relief prayed for should not be granted. Upon receipt of the answer to the show cause order and the matter now being at issue, it is apparent from what now has been fully revealed as the problem involved, that the rule to show cause was improvidently issued and we should not have granted the petition. We have been favored with oral argument, and we now conclude that the rule should be discharged under the authority of *Leonhart v. District Court*, 138 Colo. 1, 329 P.2d 781. We adopt therefrom this pertinent language: "* * * correction of error is the function of a writ of error. A trial court has the power to render a right as well as a wrong decision. 'Prohibition may never be used to restrain a trial court having jurisdiction of the parties and of the subject matter from proceeding to a final conclusion. Nor may it be used to restrain a trial court from committing error in deciding a question properly before it; it may not be used in lieu of a writ of error.' Prinster et al v. District Court, decided May 17, 1958, 137 Colo. 393, 325 P.2d 938."

The rule is discharged.