**BEVERLY, et ux v. SPENCER, et al.**
No. 73-465-CA(L)-01.
Circuit Court, Palm Beach County.
July 8, 1974.

Don Beverly, West Palm Beach, for the plaintiffs.

L. Martin Flanagan, West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

Plaintiffs have submitted several interrogatory questions to defendants regarding certain surveillance movies taken of the plaintiff. Defendants have admitted that they took these pictures but they decline to answer any of the other questions regarding them on the ground that surveillance movies are privileged as attorney's work product. It is further argued that the movies are to be used, if at all, for impeachment purposes and, because of this, the court should not require the defendants to disclose the substance of the movies.

It is true that the work product of a litigant is privileged from discovery disclosure, particularly where, as here, the work product is directed toward impeachment tactics. Collier v. McKesson, (3rd DCA, 1960) 121 So. 2d 673, 675. But this protection goes to the work process and not necessarily to the results of that process, viz., the evidentiary items obtained by the litigant's efforts.

Where the litigant reasonably anticipates that he will introduce the results of his work product as evidence, he should submit them to the discovery process. This is so whether the anticipation goes to initial introduction or to impeachment. When the introduction of evidence is reasonably anticipated, the attorney's process has shifted from the assembling, sifting, preparing and planning stage to the deciding stage.

It defeats the purpose of discovery if evidence reasonably expected to be used at trial is exempt from discovery simply because that evidence is the result of a litigant's work product or because that evidence will not be presented until after one litigant has offered his or her testimony. See Surf Drugs, Inc. v. Vermette, (Sup. Ct., 1960) 236 So. 2d 108, 112.

Accordingly, it is ordered that defendants shall answer questions 2 through 8 of the interrogatories. These answers need be given only as to those movies intended to be used at the trial or reasonably anticipated to be so used.