## No. 26960

**Mark H. Alspaugh and Juanita S. Alspaugh v. The District Court in and for the County of Boulder; Honorable William D. Neighbors, Judge; Paul Mullins, d/b/a Paul Mullins Construction Co., Paul Mullins Construction Co., a Colorado corporation; Capitol Federal Savings; and Gerald Caplan, Public Trustee for the County of Boulder, State of Colorado**

(545 P.2d 1362)

Decided February 23, 1976.

John H. Love, for petitioners.

Thomas and Esperti, P.C., Eldon E. Silverman, for respondents except Capitol Federal Savings and the Public Trustee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in which we issued a rule to show cause why the district court had not exceeded its jurisdiction in refusing to compel arbitration according to an arbitration provision in a construction contract. We discharge the rule.

On March 12, 1974, Paul Mullins Construction Co., (hereinafter "Contractor") and Mark H. and Juanita S. Alspaugh, (hereinafter "Homeowners"), entered into a contract for the construction of a home in Boulder County. The contract contained an arbitration clause which reads as follows:

"*Article 15* Arbitration. All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance

with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."

A dispute arose between the Contractor and the Homeowners, and on December 9, 1974, the Homeowners filed a demand for arbitration. The demand was on a standard form of the American Arbitration Association which, with added claims for relief, was filed with the Association. On January 3, 1975, the Contractor submitted himself to arbitration by filing a response. The response denied various allegations, and asserted a counterclaim for amounts owed for labor and materials. The Contractor, in accordance with its submission to arbitration, indicated its choice of arbitrators and dates for the arbitration. However, the response reserved the right to arbitrate, "only as a condition precedent to a possible court action."

In late January, 1975, the Homeowners filed an action in the district court, alleging a wrongful attempt by the Contractor to avoid finality of submission to arbitration. In this action the Homeowners also alleged breach of contract, negligence, and attempted wrongful reformation of contract. Included with this complaint, which consisted of a table of contents, 48 allegations and 18 pages, was a motion to compel arbitration.[1] In early February, 1975, the Contractor initiated a mechanic's lien foreclosure suit, naming as defendants the Homeowners, Capitol Federal Savings (as beneficiary under a deed of trust), and the Public Trustee of the County of Boulder. The Homeowners responded with a motion to quash the summons and dismiss the foreclosure complaint with prejudice, based upon the theory that the matter should be resolved by arbitration.

Both the action filed by the Homeowners and the action filed by the Contractor were assigned to the respondent judge. The court, without objection by either party, heard oral arguments on all pending motions in both cases on April 23, 1975, and on August 15, 1975, issued its rulings and order. The court ruled that "the principal issue raised by all the motions, briefs and argument of counsel is simply whether the contractor can be compelled to participate in the arbitration proceedings."

The court held that the contractor had asserted a mechanic's lien against the homeowners, which mechanic's lien was not waived by the construction contract and which could be enforced only through judicial proceedings.

---

[1] The main complaint contained seven causes of action, including the ones which were the basis of the original dispute. Among them were three based on negligence, and one on wrongful attempt to revoke arbitration. Later an amended complaint was filed containing 38 allegations. Additional motions were also filed to compel arbitration, to add additional parties, and to accelerate the proceedings.

The court further stated:

"[W]hen the parties each filed their respective law suits they *revoked* their agreement to arbitrate by implication. The filing of an action in court based on the same cause of action as the arbitration submission *revokes* by implication the agreement to arbitrate. *Gillette v. Brookhart*, 123 N.E.2d 693 (Ohio 1954); 5 Am. Jur. 2d Arbitration and Award § 46 (1962); 6 C.J.S. Arbitration and Award § 34(e) (1937)." (Emphasis added)

In *Gillette v. Brookhart* the court stated:

"[I]t is the considered opinion of the court that although the plaintiff lessee had a right to arbitrate and the defendant lessor had a corresponding duty, the plaintiff lessee by bringing this action *waived* such right." (Emphasis added)

■ The encyclopedia citations are not very supportive of a ruling based on revocation. We conclude that while the trial court was referring to *revocation*, under the wording of *Gillette v. Brookhart*, which it cited, it really meant that by filing the law suits the parties *waived* their agreement to arbitrate. We treat the order before us as the ruling that there were waivers.

The court further dismissed the complaint filed by the Homeowners without prejudice, ruling that the complaint was "filled with legal arguments, immaterial and irrelevant matters and clearly is not a short and plain statement of their claim," and was thus in violation of C.R.C.P. 8(a)(2). It then held that the Homeowners could assert any and all of their claims against the Contractor in the foreclosure action still pending.

The Homeowners filed a petition for writ of prohibition in this court, and a rule to show cause was issued. The Homeowners claim that the trial court exceeded its jurisdiction in not compelling arbitration and, further, that the court would be exceeding its jurisdiction in the mechanic's lien case, since according to the Homeowners, the Contractor had waived his mechanic's lien rights by reason of the arbitration provision of the contract. The Homeowners also ask for reinstatement of the case they filed in district court.

■ A writ of prohibition under Colo. Const. Art. VI, § 3, and C.A.R. 21 is traditionally used to prevent an inferior judicial body from exercising a jurisdiction with which it is not vested. Rule 21(a) in pertinent part reads as follows:

"Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue . . . ."

This extraordinary writ does not include the correction of error made by the trial court. Prohibition may not "be used to restrain a trial court from

committing error in deciding a question properly before it; it may not be used in lieu of a writ of error." *Prinster v. District Court*, 137 Colo. 393, 325 P.2d 938 (1958).

Right or wrong, the trial court has ruled that the parties have waived their rights to arbitration. It cannot be denied that the court had jurisdiction to pass on the question of waiver. If it is right in this ruling, it has jurisdiction to proceed. This is not a proper case for this court to inject itself at this juncture into the ruling on waiver. If in fact the district court erred, the error may be corrected on appeal. *Leonhart v. District Court*, 138 Colo. 1, 329 P.2d 781 (1958).

The petitioners urge that the right to arbitrate will be lost if the trial court proceeds with the case before it, and that the unnecessary delay and expense of the trial is sufficient grounds to invoke the jurisdiction of this court. In *Prinster, supra*, the court stated that "[t]he delay and expense of a trial may not be urged as grounds for prohibition."

The rule, having been improvidently granted, is discharged.