[No. 5916.]

The People ex rel. Benbow et al. v. The District Court of the Thirteenth Judicial District et al.

1. Appellate Practice—Prohibition Will Not Lie Where Remedy Exists by Appeal or Writ of Error.

Where a person, claiming to be a de facto county commisioner under a certificate of appointment, brought an action to restrain another claimant to that office from interfering with him in the discharge of such duties until the right and title thereto should be determined in the manner provided by law, and such restraining order was issued, the defendant is not entitled to a writ of prohibition from the supreme court, as such action in the lower court can be reviewed on appeal or writ of error, nor does such action come within the exceptional class of cases in which this remedy should be allowed.—P. 443.

*Original Proceeding on Application for a Writ of Prohibition.*

Application by the people, on the relation of John Benbow, Edward Fitzpatrick, C. E. Lunney, F. W. McIntyre, James P. Higgins, Lacon Ireland and Ike Coyle, for a writ of prohibition to prevent the district court of the thirteenth judicial district, Edward E. Armour, as judge thereof, and Albert H. Packard, from proceeding further in certain actions pending in said court.

Decision *en banc.*                    *Writ denied.*

Mr. RALPH TALBOT and Mr. HARRY C. DAVIS, for petitioners.

Mr. CHARLES H. PIERCE and Mr. JAMES H. BROWN, for respondents.

*Per Curiam.*—Section 1 of an act of the general assembly concerning county government (Session Laws 1901, 145; 3 Mills' (Rev.) Stats. 279), contains a provision that if either or any of the commissioners shall, during his term of office, remove without the district in which he resided when elected, his office shall thereupon become vacant, and it shall be the duty of the remaining commissioner or commissioners to certify such facts to the governor, and thereupon the vacancy or vacancies shall be filled as provided by law.

The board of county commissioners of Adams county is composed of three members, and from the first commissioners' district John Benbow, the petitioner here, was elected for the regular term. Before its expiration it is alleged that he removed from Adams county, and this fact having been duly certified to the governor, as the statute requires, the governor proceeded to fill the vacancy thus resulting by appointing Albert H. Packard to the office. Packard received his certificate of appointment, took the oath of office, tendered his bond, secured its approval, and presented the same for filing.

Purse, one of the remaining commissioners and from the second district, recognized Packard as a member of the board, and at a regularly adjourned meeting thereof Packard was installed as county commissioner, and he and Purse proceeded to an organization of the board. The other remaining commissioner, Edward Fitzpatrick, from the third district, recognized Benbow as still a member of the board, notwithstanding the fact that the governor

declared his term ended by reason of his having removed from the county and the subsequent appointment of Packard.

Packard, claiming to be a *de facto* county commissioner under his certificate of appointment, brought an action in the district court of Adams county, setting up the foregoing facts, the object of which was to restrain the defendant Benbow, petitioner here, from interfering with him in the discharge of the duties of county commissioner until the right and title thereto should be determined in the manner provided by law. Afterwards Packard filed another action in the same court on the same state of facts, with additional averments as to acts of interference with him, and certain wrongful acts of Benbow, to restrain the latter from acting as a member of the board until the right and title to the office could be determined in an appropriate action. It appears from these actions that two boards, each of which claims to be the regularly organized board of the county, intend to act in such capacity.

The district court issued temporary restraining orders, as prayed for, and afterwards and before final hearing other proceedings therein were instituted and pending, the object of which was to compel obedience by Benbow to the restraining orders. At this juncture Benbow, as petitioner, filed his petition in this court asking for a writ of prohibition against the district court of Adams county which announced that it would conduct the actions to final judgment, requiring it to desist from further proceedings in both actions, upon the ground that it had no jurisdiction in the premises. Upon a rule to show cause, the parties appeared and by respective counsel have discussed not only the question of the right of petitioner to this remedy, but also the question of the jurisdiction of the district court.

The majority of the court entertain no doubt that the writ should be denied solely on the ground that, by appeal from, or writ of error to, the final judgment in the two actions pending in the district court, either party, in case of an unfavorable decision below, may obtain here the relief to which he is entitled. The court, therefore, announces what it has so often hitherto declared, that these applications invoking its original jurisdiction are altogether too frequent; and it is entirely satisfied that only in an exceptional case, or class of cases, to which the present one does not belong; should this remedy be allowed. The court, therefore, declines to express any opinion as to whether or not the district court has jurisdiction in the two actions whose further prosecution petitioner seeks to stop. That question, as well as all others involved in the case, can be fully reviewed and the rights of the parties adequately protected by this court if the final judgment there should be brought here for review in the ordinary way.

Decision *en banc*.                    *Writ denied*.

All the justices concurring.