## No. 11,141.

THE PEOPLE, EX REL. ZALINGER *v.* COUNTY COURT OF THE
CITY AND COUNTY OF DENVER.

Decided April 6, 1925.

Petition for writ of prohibition.

### *Writ Dismissed.*

1.  PROHIBITION—*Not Writ of Right.* The writ of prohibition is not
    a writ of right, but one that lies within the sound discretion of
    the court.

2.  *Jurisdiction.* A writ of prohibition will not be granted where
    the inferior tribunal sought to be restrained has jurisdiction
    to enter the threatened order.

3.  *Deposition—Cross-Examination.* Prohibition will not lie to
    enjoin an order of the county court that a party to an action
    before it appear before a notary to have his deposition taken
    as upon cross-examination.

### *Original Proceeding.*

Mr. GRANBY HILLYER, Mr. C. E. SYDNER, for petitioner.

Messrs. BARDWELL, HECOX, McCOMB & STRONG, Mr. L.
D. HUNT, for respondents.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THIS application invokes the original jurisdiction of this
court. The petitioner, a party to a civil action pending in
the county court, was required by its order to appear at a
certain time and place before a notary public to have his
deposition taken as upon cross-examination. At the time

fixed the petitioner, who was notified to appear before the notary public, objected to the proceeding upon the grounds that the provision of the Civil Code authorizing the deposition of a witness to be taken in advance of a trial does not apply where the testimony of a party to the action as on cross-examination is thus sought, and upon the further ground that such a deposition may not be taken in advance of the trial in open court in any event. The refusal of the petitioner to submit to examination being duly reported to the trial court, an order was entered requiring him to show cause why he should not be punished for contempt. Thereupon the petitioner filed in this court this application for a writ of prohibition to stay further action by the county court and the notary public in the premises. In response to a rule of this court to show cause, the respondents have filed a demurrer to the petition and the cause has been submitted for final decision upon the demurrer.

In our constitutional convention there was much discussion before final adoption of that section of our Constitution which empowers the Supreme Court to issue original writs. Only a few of the state courts of this country at that time had similar provisions, Wisconsin, Missouri and Oregon being of the number. The supreme courts in those states, before the adoption of this article of our constitutional convention, had given construction thereto and the framers of our organic act and the people in adopting it had in mind such construction. These courts, both before and after the adoption of our Constitution, hold that the writs therein provided for are in the nature of prerogative writs and lie only where questions publici juris are involved, and never where the ordinary remedies are adequate and available. Our earlier decisions followed the decisions of our sister states and for many years this court rigidly adhered thereto. We have not always strictly conformed to our earlier rulings, and, like the tribunals of some other states, have not always been consistent in the enforcement of the unquestioned general rule that prevails where such constitutional investiture of extraordinary

power has been conferred upon appellate tribunals. Only recently this court by addition to rule 57 has provided that prohibition will not hereafter be granted except in matters publici juris or matters of great gravity and importance.

The writ is not a writ of right but one that lies within the sound discretion of the court itself. It is not granted where the inferior tribunal sought to be restrained has jurisdiction to enter the threatened order. Certainly the county court, the respondent here, had jurisdiction of the subject-matter of the action before it. It had jurisdiction to determine whether or not a party to the action was within the purview of the code provision authorizing the testimony of a witness to be taken in advance of the trial. It had jurisdiction to determine whether upon that examination a party might be examined as on cross-examination by his adversary. It had the power to render a right as well as a wrong decision. The fact that it might be more convenient for the petitioner to have the matter settled by this court before he is compelled to testify at the trial is not controlling. We must not presume that there would be an abuse of the right of examination before a notary public, or that the adverse party would necessarily improperly proceed.

Then, too, if the examination should be improperly conducted, or an abuse of the privilege occurs, this petitioner has an ample remedy in the county court, when the case is called for trial in open court in the presence of the judge, to have his objection to the proceeding before the notary public passed upon, and if an adverse decision is there given he could renew his objection in the Supreme Court. Under any view of the matter this was not a case for a writ of prohibition. Petitioner has mistaken his remedy. Respondents' demurrer will be sustained, the rule to show cause discharged and the writ dismissed.