KLUTTS v. BLACKBIRD, Dist. Judge.

No. 32760. Oct. 8, 1946.

Rehearing Denied Nov. 26, 1946.

174 P. 2d 361.

W. J. Peterson, of Okmulgee, for plaintiff.

Q. D. Gibbs, of Okmulgee, for defendant.

BAYLESS, J. This is an original proceeding wherein Paul Klutts petitions this court to grant a writ of prohibition prohibiting W. H. Blackbird, district judge in and for. the 24th district of Oklahoma, from exercising further jurisdiction in the matter of the application of Mildred Klutts, now Moody, to modify that part of a decree of divorce relating to the custody of the minor child of the Kluttses.

Mildred was granted a divorce from Paul, and at the time neither asked for the custody of the child and its custody was awarded to the aunt of Paul. Later Mildred remarried ·and makes her home in the State of Maine, and now seeks a modification of the child custody award to give her the custody of the child in order that she may take it with her to the State of Maine. Paul consented to the adoption of the child by his aunt, and the aunt and her husband petitioned the county court of Okmulgee county for permission to adopt the child. Mildred did not consent thereto, but the child was adopted to Josephine and Allen Holmes over Mildred's oral protest. Thereafter, the district judge, upon full hearing ·on Mildred's application and the resistance thereto, modified the earlier order relating to the child's custody by awarding the custody to Mildred and authorizing her to remove the child to the State of Maine upon her promise to return it to this state when ordered by the court, upon her giving bond in the sum of $200. Paul then instituted this proceeding on the theory the district court lost jurisdiction when the county court· undertook to adopt her

to the Holmeses, that it was an abuse of discretion to alter the custody award, and the district court has no authority to award the custody of the child to one parent with permission to remove the child from the jurisdiction of the court.

We are of the opinion the adoption proceedings were void. Under 10 O. S. 1941 § 44, as construed by us in Ex parte Parker, 195 Okla. 224, 156 P. 2d 584, the consent of living parents who are not incapacitated under the terms of the statute is necessary to the validity of adoption. It is not alleged or proved that Mildred was incapacitated under this statute, nor is it shown that she gave her consent to the adoption of her child. Therefore, Younger v. Younger, 106 Cal. 377, 39 P. 779, could not apply here even if this court were inclined to adopt the rule stated in that decision as the law of this state.

We cannot review the proceedings below to determine whether there was an abuse of discretion based on the evidence. That can be done only by appeal. Prohibition is not a substitute therefor. Short v. Dunn, 180 Okla. 21, 67 P. 2d 18, and related cases.

Paul does not cite any authority in support of his contention that the lower court was without power to authorize Mildred to remove the child from this jurisdiction upon her promise to return the child under exercise of the lower court's continuing jurisdiction under the conditions for which she must bond herself. He insists that bond for $200 is wholly inadequate and is at most a mere token, not seriously designed to enforce any penalty that may attach to her subsequent breach of her promise to honor the jurisdiction and power of the lower court. This court considered the matter of the power of a district court, in awarding the custody of a minor child in a divorce action or considering a modification of a previous award, to permit one of the parents to remove the child temporarily from the limits of Oklahoma upon promise to return the child and the giving of a bond conditioned for the proper observance of future orders with respect to the child. See Mattox v. Mattox, 129 Okla. 301, 264 P. 898. The rule thus adopted for this jurisdiction finds support in the decisions of the courts of other states. See 27 C.J.S. 1179, sec. 313, and footnotes.

The matter of the amount of the bond to be given rests largely within the discretion of the trial court, and while the bond fixed in this case seems to be a nominal sum, we are not shown the record of the factors which led the court to fix this penal sum, nor is there any particular showing with respect to the ability of the mother of the child to make a larger bond.

The writ sought is denied.

GIBSON, C.J., HURST, V.C.J., and RILEY, CORN, and DAVISON, JJ., concur.