No. 18,429.

GEORGE H. LEONHART, AS EXECUTOR, ETC. *v.* DISTRICT
COURT OF SEDGWICK COUNTY, ET AL.
(329 P. [2d] 781)

Decided July 7, 1958.   Rehearing denied September 29, 1958.

2

Mr. G. E. HENDRICKS, Mr. WILBUR M. ALTER, for petitioner.

Messrs. VINCENT CRISTIANO, Mr. ROBERT BUGDANOWITZ, Mr. H. VANCE AUSTIN, for respondents.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

By an original proceeding for writ in the nature of prohibition, George D. Leonhart, as executor of the estate of Harry A. Weston, deceased, seeks an order from this court restraining and prohibiting the District Court of the Thirteenth Judicial District in and for Sedgwick County, Colorado, and Elvin Emery Bushnell, from continuing further with a caveat and objections filed against the last will and codicil of the deceased in ancillary probate proceedings.

Weston died on or about July 12, 1955, testate, and his will and codicil were admitted to probate by the County Court of Henry County, Illinois, on August 26, 1955. Leonhart was nominated by said testamentary instruments to be the executor, and pursuant thereto was appointed by the court and thereafter qualified.

Notice of the probate proceedings in Illinois was

served on Bushnell by mail at his residence in the State of Washington. He did not appear for the hearing, and the County Court of Henry County, Illinois, determined the will to be a valid one.

Leonhart thereafter sought ancillary administration of said estate in Sedgwick County, and on September 6, 1955, the County Court of Sedgwick County, Colorado, admitted said will and codicil to probate and record and appointed Leonhart as executor.

On November 7, 1955, Bushnell filed his caveat and objections in the County Court of Sedgwick County, alleging that Weston was a resident of Colorado and not of Illinois, was incompetent to make a will at the time of the execution thereof, and was subject to undue influence in the execution of said will.

Bushnell was unsuccessful in the County Court of Sedgwick County and appealed the adverse judgment to the District Court thereof. Before trial in the District Court, Bushnell withdrew his contention that Weston at the time of his death was a resident of the State of Colorado. Upon the withdrawal of this contention, Leonhart moved for a summary judgment on the theory that the other questions had been resolved inimically to Bushnell by the County Court of Henry County.

After the motion for summary judgment was denied, the matter went to trial before a jury. At the conclusion of the trial the jury was unable to reach an agreement. It is the retrial of this cause which Leonhart seeks by this action to have restrained and prohibited.

Five reasons are asserted for this court's assuming jurisdiction: (1) the full faith and credit clause of the Federal Constitution makes conclusive the determination of the Illinois court, and (2) the determination of the Illinois court is res judicata as to the questions raised in the Colorado courts, wherefore the Colorado courts are divested of jurisdiction to hear and determine the caveat; (3) a retrial of the issues presented by the caveat, already bindingly adjudicated by the Illinois court, would

entail extraordinary, unnecessary expense to Sedgwick County, and (4) to the estate in requiring witnesses to be brought from afar to testify in the case; (5) by reason of the conclusive determination by the Illinois court, the eventual success of Leonhart is assured, even if he is required to take the route of a writ of error.

Article VI, Section 2 of the Constitution of Colorado reposes in the Supreme Court "a general superintending control over all inferior courts, under such regulations and limitations as may be prescribed by law." Article VI, Section 3 empowers the Supreme Court "to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other remedial writs, with authority to hear and determine the same."

Our authority to entertain remedial writs is conferred by the Constitution, and "is not dependent upon, or governed by the statute" or rules of civil procedure on the subject. *People ex rel. v. District Court,* 30 Colo. 488, 71 Pac. 388. "Those writs, however, are the common law writs . . ." *Bulger v. People,* 61 Colo. 187, 156 Pac. 800.

Even under the Rules of Civil Procedure the substantive aspects of remedial writs are preserved, and relief of the same nature as was formerly provided in such proceedings may be granted in accordance with precedents established under the old practice. *North Poudre Co. v. Hinderlider,* 112 Colo. 467, 150 P. (2d) 304; *Hall v. Denver,* 117 Colo. 508, 190 P. (2d) 122.

Prohibition is a preventive proceeding, *Leonard v. Bartels,* 4 Colo. 95; *People ex rel. v. District Court,* 6 Colo. 534, prerogative in character, i.e., not grantable ex debito justitiae. *Leonard v. Bartels,* supra; *McInerney v. Denver,* 17 Colo. 302, 29 Pac. 516. It lies to prevent an inferior tribunal, whether it have judicial or quasi-judicial powers, from usurping a jurisdiction with which it is not legally vested. Whether the superior tribunal should act in the premises rests in its sound discretion;

thus, the remedy afforded is not one of right. *People v. County Court,* 77 Colo. 172, 235 Pac. 370.

■ Corrective measures are not within the sweep and coverage of prohibition; correction of error is the function of a writ of error. A trial court has the power to render a right as well as a wrong decision. "Prohibition may never be used to restrain a trial court having jurisdiction of the parties and of the subject matter from proceeding to a final conclusion. Nor may it be used to restrain a trial court from committing error in deciding a question properly before it; it may not be used in lieu of a writ of error." *Prinster et al. v. District Court,* decided May 19, 1958, 137 Colo. 393, 325 P. (2d) 938.

■ "A clear distinction is made by the authorities between the assumption of a jurisdiction, to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction, with which the court *is invested.* If the inferior court has jurisdiction of the subject, a mistaken exercise of that jurisdiction, or of its acknowledged powers, will not justify a resort to the extraordinary remedy of prohibition. There must be *excess* of jurisdiction, and not mere error in the exercise of a jurisdiction which is conceded." *Leonard v. Bartels,* supra; *People ex. rel. v. District Court,* 30 Colo. 488, 71 Pac. 388.

■ A superior court should exercise great caution and circumspection before issuing a rule to show cause to an inferior tribunal, and then only when such court is satisfied that the ordinary remedies provided by law are not applicable or are inadequate. Only in exceptional cases or classes of cases should applications of this character be allowed. *People ex rel. v. District Court,* 37 Colo. 440, 86 Pac. 322.

"By the constitutional provision for full faith and credit, the local doctrines of *res judicata,* speaking generally, become a part of national jurisprudence . . ." *Riley et al., Executors, v. New York Trust Co., Administrator,* 315 U. S. 343, 62 S. Ct. 608, 86 L. ed. 885. See *Iowa-Wisconsin Bridge Co. v. Phoenix Finance Corp.,* 2 Terry

(Del.) 527, 25 Atl. (2d) 383; *Bowen v. Bowen,* 219 Iowa 550, 258 N.W. 882; *Ware v. Ware,* 302 Ky. 438, 194 S.W. (2d) 969. The doctrine of res judicata is "particularly applicable to domestic courts, that is, courts of the same jurisdiction, but the full faith and credit clause of the Constitution of the United States requires that like effect in that respect be given to the judgments of other states." *Bowen v. Bowen,* supra.

It would thus appear that the assertion that the Illinois judgment is conclusive on the Colorado court under the full faith and credit provision of the Constitution is in effect a plea of res judicata based upon a foreign judgment.

But, a trial court is not divested of jurisdiction of an action by a judgment which is res judicata either as applied to domestic judgments or foreign judgments. It has jurisdiction in the first instance to pass upon that very question and make disposition of the cause accordingly. If it determines the matter erroneously, the party adversely affected has his remedy by writ of error. Where a judgment, whether domestic or foreign, is relied upon as a bar, prohibition cannot be utilized for the purpose of preventing a trial court from deciding erroneously, or for the purpose of regulating or controlling its procedure. *United Security Bank & Trust Co. v. Superior Court of California,* 205 Cal. 167, 270 Pac. 184.

The fact that proceedings here may be expensive and may result in ultimate reversal of the trial court for error affords insufficient basis for a resort to proceedings in the nature of prohibition. *Prinster et al. v. The District Court,* supra.

This decision in no wise passes on the merits of this controversy, and is not to be construed as intimating our views on the substantive questions presented.

The county court had jurisdiction of the parties and of the issues presented in the ancillary proceedings, and on appeal the district court was vested with the same

8

jurisdiction; hence, prohibition does not lie, and the rule heretofore issued should be, and it is hereby discharged.

MR. JUSTICE MOORE not participating.

MR. CHIEF JUSTICE HOLLAND and MR. JUSTICE KNAUSS dissenting.