466

No. 20,006.

ROBERT A. THEOBALD, DIRECTOR, DEPARTMENT OF REVENUE, ETC., *v.* THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.
(366 P. [2d] 563)

Decided November 27, 1961.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Floyd B. Engeman, Assistant, for petitioners.

Mr. Ed Conly, for respondents.

*En Banc*

Mr. Justice Moore delivered the opinion of the Court.

This is an original proceeding in which Robert A. Theobald, as director of the Department of Revenue, and the Motor Vehicle Division, State of Colorado, applied for a writ of prohibition directed to the respondents. Upon consideration of the petition a rule to show cause issued, and pursuant thereto the respondents made answer. Theobald will be referred to as the director and the respondents will be referred to as the district court.

The questions for determination arise out of the following events: One Markham filed an action in the district court against the director seeking an adjudication that the latter had illegally suspended his license to drive a motor vehicle. The prayer of his complaint contained the following:

"* * * Plaintiff further prays that the Court shall provide in the Citation issued pursuant hereto, that such Department and Division [Theobald] shall restore plaintiff's right to drive as of the effective date of the purported Order of Suspension, and shall make immediate delivery to him of his operator's license aforesaid, pending conclusion of review proceedings herein.

The order of suspension above referred to was entered by the director on July 11, 1961, following a notice to Markham, and a hearing before the director pursuant to C.R.S. '53, 13-3-24 as amended. At the time of said hearing Markham surrendered his driver's license to the director. A rehearing of said suspension order was requested and had on August 23, 1961, at which time the order was affirmed.

September 8, 1961, Markham filed the action in the district court as above stated. The complaint was supported by the affidavit of Markham's counsel who asserted that he had searched the pertinent records and found that his client had not been assessed sufficient points against his driving record to justify suspension of his license. Upon ex parte application by counsel for Markham the district court, on September 8, 1961, entered an order commanding the director to "* * * restore the right of Larry Dale Markham to drive," and to make immediate delivery to him of his operator's license, "pending conclusion of review proceedings herein." September 15, 1961, the director filed a motion to vacate and set aside the above order. September 19, the said motion was heard and denied. Thereupon petition was filed in this court and our rule to show cause issued.

It is argued that the order of the district court above quoted is void for the reason that it was issued ex parte; that the director was not served with process or notice; that he was not afforded an opportunity to be heard; and that no showing of "irreparable injury" was made as required by C.R.S. '53, 3-16-5. 13-3-24, as amended, grants the director authority to suspend the driver's

license of any person who has accumulated the statutory number of points. This suspension order is subject to judicial review pursuant to C.R.S. '53, 13-3-28 which as amended reads as follows:

"Every person finally denied a license or whose license has been finally cancelled, suspended or revoked by or under the authority of the department, may within thirty days thereafter, obtain judicial review in accordance with section 5, chapter 37, Session Laws of Colorado 1959."

The section last quoted, in pertinent part, reads as follows:

"(1) In order to assure a plain, simple and prompt judicial remedy to persons adversely affected or aggrieved by agency action the provisions of this section shall be applicable.

"(4) * * * Any other case of review of agency action shall be commenced by the filing of an action for review in the district court in accordance with the rules of civil procedure. * * *

"(5) Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of whether such an application previously shall have been made to or denied by any agency, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings."

 It is the contention of counsel for Markham that pursuant to the foregoing he proceeded under R.C.P. Colo. 106(a)(4), filed his complaint, supported it by affidavit, and the court thereupon issued citation to the director. The said rule contains the following statement: "If a stay of proceedings is granted the citation or order shall so state." Markham's argument is that the effect of the order of the district court was to bring about a

"stay of proceedings" within the contemplation of the above quotation. We quote from the brief of counsel the following statement of his position:

"* * * No temporary restraining order or injunction was issued by the District Court; but, pursuant to Sec. 3-16-5, CRS 1953, (administrative code — judicial review) and particularly to sub-section (5), thereof, a postponement of the effective date of the agency action, preserving the rights of the parties pending conclusion of the review proceedings, was effected in connection with the review proceedings regularly initiated pursuant to the provisions of Rule 106(a)(4). Under the circumstances, this constituted no more than a stay of execution upon the ruling of a quasi-judicial body as specifically contemplated by the Rule and by the Statute cited."

Suffice it to say that under the statute (C.R.S. '53, 3-16-5 as amended) the district court upon review of the action of the director could not "postpone the effective date of the agency action * * * pending conclusion of the review proceedings" in the absence of a specific finding that irreparable injury would otherwise result. No such finding was made by the district court, and from all that appears here there was nothing upon which such a finding could be based.

The record discloses that the hearing of July 11, 1961, was had upon notice to Markham, resulting in the order of suspension. A month and twelve days elapsed before the motion to vacate the suspension order was denied, and Markham delayed presenting his complaint for review of the proceedings for fifteen days thereafter. No showing whatever was made that "irreparable injury" would result from a notice to the director of the application for an order commanding him to restore petitioner's license pending determination of the review proceedings. We cannot approve the action of the district court in summarily ordering the return of Markham's license.

The weight of the argument of counsel for Markham

(who represents the district court in this proceeding) if any is to be found, must lie in the assertion that by R.C.P. Colo. 106(a)(4) the district court has a discretionary power to grant a "stay of proceedings" and when this occurs the order to show cause "shall so state."

The argument assumes that we are here concerned with a "stay of proceedings," when in fact we have before us a mandatory order commanding the undoing of an act which the director has fully completed, and which he is expressly authorized to perform under the statute. The action by the director was taken and completed upon notice and hearing exactly as provided by statute. The act of the legislature specifically provides in what manner the effective date of the action of the director can be postponed, and places limitations upon the right to secure a postponement of such effective date. These limitations upon the existence of that right must be complied with, or the right to a postponement does not exist. Under rule 106 (a)(4) the district court had no discretion whatever to determine that Markham had a right to a postponement of the effective date of the suspension order even though he made no showing of irreparable injury. The only discretion the district court had under this record was to determine whether "irreparable injury" would result if the director's order remained in effect pending review. No showing whatever was made on this question and there was nothing before the court upon which its discretion could operate. Where the legislative branch of the government has defined the conditions under which a right exists, the Supreme Court in the exercise of a rule making power, limited to procedural matters only, cannot destroy the limitations which are imposed by the legislature in a proper exercise of the police power to protect the public safety. The rule (106 C.R.S. '53, supra) as relied upon, has no force or effect. Rule 81, R.C.P. Colo., expressly provides that where a matter is specifically covered by statute the Rules of Civil Procedure are inapplicable.

 The legislature in the proper exercise of the police power has full authority to authorize the action taken by the director. Nothing in the Constitution of the State of Colorado, or that of the United States, prohibits the legislature from requiring a showing of irreparable injury as a condition to be met before a postponement of the effective date of agency action shall be brought about. In the protection of the public safety the legislature has seen fit to provide a reasonable limitation upon the right to secure a postponement of the effective date of a license suspension, by requiring a showing of irreparable injury. Neither the trial court nor this court has the power to nullify, by procedural rule, this lawful exercise of the police power on the part of the General Assembly; the function of the courts being limited to a review of the administrative acts of the director.

The rule is made absolute.

MR. JUSTICE FRANTZ and MR. JUSTICE DAY dissent.

MR. JUSTICE PRINGLE not participating.

MR. JUSTICE McWILLIAMS specially concurring:

I concur in the result reached by the majority of this Court, but would specifically hold that this hearing to determine whether there is "irreparable injury" cannot be held *ex parte,* but only upon notice to the petitioners.

MR. JUSTICE FRANTZ dissenting:

I regard the majority opinion as incompatible with the law on three counts; hence, I am in disagreement with its import and implications and oppose the decision to make the rule absolute in this case.

Entertaining the notion that error in the majority opinion is predicated upon (1) an interpretation of Rule 106 (a) (4) in manner contrary to judicial construction used and accepted since the inception of the Rules of

Civil Procedure; (2) permitting resort to the remedy of prohibition for the purpose of reviewing the discretionary act of a lower tribunal; and (3) a misapprehension of the several applicable statutes and their proper relation to each other and to the question to be resolved, I particularize.

1. District courts have had numerous opportunities to interpret and apply Rule 106 (a) (4) which is a substitute for the former code remedy of certiorari, Sec. 331 et seq. Code of Civil Procedure. Both under the Code and under the present rule, trial courts are authorized to issue stays ex parte. This power to issue stays without notice under our present rule is placed in jeopardy by the majority opinion, if not held to be entirely non-existent.

We have held that the substantive aspects of remedial writs have been retained under the Rules of Civil Procedure and, when applicable, the precedents furnish a guide for determining the propriety of their issuance. *North Poudre Co. v. Hinderlider,* 112 Colo. 467, 150 P. (2d) 304; *Leonhart v. District Court,* 138 Colo. 1, 329 P. (2d) 781.

Traditionally, the issuance of a writ of certiorari effected an automatic stay of execution. This was the universal rule under the common law. "At common law, the writ of certiorari takes the record out of the custody of the inferior tribunal, and leaves nothing there to be prosecuted or enforced by the execution, and thus, ipso facto, operates as a stay of execution. This rule has been brought down to modern times and prevails universally except where it has been abrogated or modified by statute." Certiorari, 14 C.J.S. 245, § 108.

The Code modified the effect of the issuance of the writ of certiorari by providing that "[i]f a stay of proceedings be not intended, the words requiring the stay shall be omitted from the writ. These words may be inserted or omitted in the sound discretion of the court;

but if omitted, the power of the inferior court or officer shall not be suspended nor the proceedings stayed." (§ 335.)

The writ was granted on application (§ 332) and was required to be supported by affidavit; "and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be granted, or *may grant the writ without notice.*" (Emphasis supplied.) (§ 333.)

Rule 106 (a) (4) R.C.P. Colo., supplanting the cited Code provisions, in part provides:

"*Upon the filing of the complaint the court shall direct the issuance of a citation* to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may *forthwith* order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. *If a stay of proceedings is granted the citation or order shall so state.* Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." (Emphasis supplied.)

It is true that this rule has no hoary past; it has been in operation since April 1941. Since 1941 an interpretation of Rule 106 (a) (4) has been given by district courts of the state, and this interpretation has been to the effect that vested in the trial court is the sound discretion to grant a stay or refuse it. This may be done *at the time the citation or order is issued,* and if a stay is granted such citation or order shall contain a recital to that effect.

Indeed, this is the only interpretation that can be given the language of the rule. Note that upon the filing of the complaint the court shall direct the issuance of a

citation, or it may forthwith order the certification of the record where an affidavit supports the complaint. In the first instance a citation issues after the filing of the complaint; in the other, an order issues forthwith, and in both instances "if a stay of proceedings is granted the citation or order shall so state." The rule does not require notice and a hearing before the issuance of the citation or the order, and we should not read into the rule a requirement of notice or hearing when such interpolation superimposes a condition which collides with the unambiguous language of the rule.

The automatic stay upon the issuance of a writ of certiorari under the common law has been modified by code and rule to the extent that the court now has discretion, in issuing the equivalent of the old writ, to grant or refuse a stay of proceedings.

2. The trial court had a right to grant or refuse a stay as its sound discretion moved it to act. Prohibition is not the proper remedy with respect to matters addressed to a lower tribunal's exercise of discretion. This is fundamental doctrine. Prohibition, 73 C.J.S. 117, § 37. It was said in *Mammoth Canal & Irrigation Co. v. Burton,* 70 Utah 239, 259 Pac. 408, involving a writ of prohibition:

"Assuredly this record does not exhibit an exercise of arbitrary power, nor the exercise of a lawful power in an arbitrary or capricious manner. It shows the exercise of a discretionary power after much consideration. To be sure the court may have erred in its judgment in the matter. But that is something which we cannot inquire into in this proceeding."

See *City of Phoenix v. Rodgers,* 44 Ariz. 40, 34 P. (2d) 384; *Klutts v. Blackbird,* 198 Okla. 26, 174 P. (2d) 361.

We recently said that "the office of a writ of prohibition is preventive in that it restrains excessive or improper assumption of jurisdiction by a tribunal possessing judicial or quasi-judicial powers. The writ is not one of right but calls upon the sound, cautious discretion of

the petitioned court, and wrapped up in the exercise of this discretion is the existence or absence of other adequate relief." *Aurora v. Congregation Beth Medrosh Hagodol,* 140 Colo. 462, 345 P. (2d) 385. Our only concern here is: Did the trial court exercise a jurisdiction it did not possess, or, having jurisdiction over the subject matter and the parties, did it exceed its legitimate powers? *McInerney v. Denver,* 17 Colo. 302, 29 Pac. 516. Neither a lack of jurisdiction nor an act in excess of jurisdiction appears in this original proceeding.

If the trial court committed error in the exercise of its discretion in granting a stay, such error is the subject of review on writ of error; it is not within the purview of a writ of prohibition.

3. C.R.S. '53, 13-3-24 (1), 1960 Perm. Cum. Supp. vests in the department "authority to suspend the license of any operator or chauffeur who has, in accordance with the schedule of points set forth in this section, been convicted of traffic violations resulting in an accumulation of twelve points in one year, eighteen points in two years, or twenty-one points in three years, except that any licensee who accumulates twelve points or more in any one year shall be subject to suspension regardless of his accumulated point total. Such suspension shall not be made *until a hearing has been held* in accordance with the provisions of this section." (Emphasis supplied.)

The provision of this section relating to a hearing is C.R.S. '53, 13-3-24 (12), 1960 Perm. Cum. Supp. It in part provides:

"If at such hearing it shall appear that the record of the operator or chauffeur sustains suspension as provided in this section, the department shall immediately suspend such operator's or chauffeur's license and such license shall then be surrendered to the department. If at such hearing it appears that the record of the operator or chauffeur does not sustain suspension, the department shall not suspend such license and shall adjust his ac-

cumulated point total accordingly. * * * After such hearing, the licensee may appeal the decision of the court as provided in section 13-3-28."

Said section 13-3-28 detailed the steps for a review by the district court of the department's action. It need not be further considered, since in 1961 section 13-3-28 was repealed.

The legislature enacted, in lieu of the detailed outline concerning review, the following:

"Every person finally denied a license or whose license has been finally cancelled, suspended or revoked by or under the authority of the department, may, within thirty days thereafter, obtain judicial review in accordance with section 5, chapter 37, Session Laws of Colorado 1959."

That section of the 1959 Session Laws, part of the administrative code, provides:

"(3) Form of Action — A person so adversely affected or aggrieved by agency action may obtain judicial review of such action in a civil or criminal case brought by the agency, or in its behalf, for judicial enforcement of such agency action. Any *other case of review* of agency action shall be commenced by the filing of an *action for review in the district court in accordance with the rules of civil procedure.* A proceeding for review may be brought against the agency by its official title, individuals who comprise the agency, or any person representing the agency or acting on its behalf in the matter sought to be reviewed. The complaint shall state the facts upon which plaintiff bases the claim that he has been adversely affected or aggrieved, the reasons entitling him to relief, and the relief which he seeks.

"(4) Interim relief — Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of wheth-

er such an application previously shall have been made to or denied by any agency, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings." (Emphasis supplied.)

The review in the district court in accordance with the Rules of Civil Procedure was under Rule 106 (a) (4) of R.C.P. Colo. Under that rule the court had the authority to stay the action of the department and to put the parties in status quo until the party feeling aggrieved could have a hearing.

Moreover, the administrative code provides for "interim relief"; it provides for the postponement of the effective date of agency action or to *preserve the rights* of the parties pending conclusion of the review proceedings.

C.R.S. '53, 3-16-5, 1960 Perm. Cum. Supp. is part of the administrative code and provides procedures for judicial review. Subsection (4) quoted above as part of the 1959 Session Laws provides for judicial review of an agency action in a civil or criminal case brought by the agency and then provides that other cases of review "shall be commenced by the filing of an action for review in the district court in accordance with the rules of civil procedure."

Moreover, subsection (5) of the section relating to judicial review in administrative proceedings, also quoted above, provides for an agency stay of its order if it finds irreparable injury would ensue before judicial review. Then it goes on to say that a court, in lieu of an administrative stay, on application, has the power "to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings." This action of the court shall not depend upon whether interim relief had been sought before the agency or had been denied by the agency. Subsection (5) could logically be interpreted as referring to judicial

review of actions relating to civil or criminal cases brought by the agency; certainly, review proceedings in accordance with the rules of civil procedure, means just that—the several steps outlined by the rules for a review.

In accordance with the rules of civil procedure, the machinery of Rule 106 (a) (4) was put in motion, from the filing of the complaint to the issuance of a citation in which a stay was ordered. In granting the stay, the trial court exercised its discretion, and such action by the trial court is not the subject of review in prohibition proceedings.

Certain conclusions may be drawn from the law and facts of this case.

The mandate of the trial court regarding the return of the instrument evidencing the license to operate a motor vehicle adds very little to the order staying the action of the department. A stay of departmental action would have permitted Markham to operate whether or not he had the instrument evidencing his right to drive. "[T]he term 'license' refers to the right or privilege conferred, and the certificate of license is merely the written document which evidences such right. . . ." *State v. Martin,* 180 Ore. 459, 176 P. (2d) 636.

Whether resort was had to Rule 106 (a) (4) R.C.P. Colo. or to the alternative remedy also recognized by the administrative code, notice to the department of an application for stay was not necessary. Neither the rule nor any alternative remedy recognized under the administrative code provides for a notice. Both recognize in fact an ex parte order or stay. We read into the rule and into the administrative code something that is not there when we say that notice was required, if such is intimated in the majority opinion.

Assuming that a finding should have been made by the trial court of irreparable injury (a matter I seriously dispute), still the department filed its motion to vacate and set aside the stay order; there was a *hearing on such motion* and it was denied. If a finding of irre-

parable injury was necessary, it would be a requisite only if an ex parte order were granted. But the department had a hearing and thus the condition that there be a finding of irreparable injury, if necessary, was obviated.

For these reasons I seriously contend that the rule should be discharged.

MR. JUSTICE DAY joins in this dissent.