Mr. Justice Frantz
dissenting:
I regard the majority opinion as incompatible with the law on three counts; hence, I am in disagreement with its import and implications and oppose the decision to make the rule absolute in this case.
Entertaining the notion that error in the majority opinion is predicated upon (1) an interpretation of Rule 106 (a) (4) in manner contrary to judicial construction used and accepted since the inception of the Rules of *473 Civil Procedure; (2) permitting resort to the remedy of prohibition for the purpose of reviewing the discretionary act of a lower tribunal; and (3) a misapprehension of the several applicable statutes and their proper relation to each other and to the question to be resolved, I particularize.
1. District courts have had numerous opportunities to interpret and apply Rule 106 (a) (4) which is a substitute for the former code remedy of certiorari, Sec. 331 et seq. Code of Civil Procedure. Both under the Code and under the present rule, trial courts are authorized to issue stays ex parte. This power to issue stays without notice under our present rule is placed in jeopardy by the majority opinion, if not held to be entirely non-existent.
We have held that the substantive aspects of remedial writs have been retained under the Rules of Civil Procedure and, when applicable, the precedents furnish a guide for determining the propriety of their issuance. North Poudre Co. v. Hinderlider, 112 Colo. 467, 150 P. (2d) 304; Leonhart v. District Court, 138 Colo. 1, 329 P. (2d) 781.
Traditionally, the issuance of a writ of certiorari effected an automatic stay of execution. This was the universal rule under the common law. “At common law, the writ of certiorari takes the record out of the custody of the inferior tribunal, and leaves nothing there to be prosecuted or enforced by the execution, and thus, ipso facto, operates as a stay of execution. This rule has been brought down to modern times and prevails universally except where it has been abrogated or modified by statute.” Certiorari, 14 C.J.S. 245, § 108.
The Code modified the effect of the issuance of the writ of certiorari by providing that “[i]f a stay of proceedings be not intended, the words requiring the stay shall be omitted from the writ. These words may be inserted or omitted in the sound discretion of the court; *474 but if omitted, the power of the inferior court or officer shall not be suspended nor the proceedings stayed.” (§ 335.)
The writ was granted on application (§ 332) and was required to be supported by affidavit; “and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be granted, or may grant the writ without notice.” (Emphasis supplied.) (§ 333.)
Rule 106 (a) (4) R.C.P. Colo., supplanting the cited Code provisions, in part provides:
“Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not b& allowed. If the complaint is supported by an affidavit the order to'show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion.” (Emphasis supplied.)
It is true that this rule has no hoary past; it has been in operation since April 1941. Since 1941 an interpretation of Rule 106 (a) (4) has been given by district courts of the state, and this interpretation has been to the effect that vested in the trial court is the sound discretion to grant a stay or refuse it. This may be done at the time the citation or order is issued, and if a stay is granted such citation or order shall contain a recital to that effect.
Indeed, this is the only interpretation that can be given the language of the rule. Note that upon the filing of the complaint the court shall direct the issuance of a *475 citation, or it may forthwith order the certification of the record where an affidavit supports the complaint. In the first instance a citation issues after the filing of the complaint; in the other,.an order issues forthwith, and in both instances “if a stay of proceedings is granted the citation or order shall so state.” The rule does not require notice and a hearing before the issuance of the citation or the order, and we should not read into the rule a requirement of notice or hearing when such interpolation- superimposes a condition which collides with the unambiguous language of the rule.
The automatic stay upon the issuance of a writ of certiorari under- the' common law has been modified by code and rule to the extent that the court now has discretion, - in issuing the equivalent of the old writ, to grant or refuse a stay of proceedings.
2. The trial court had a right to grant or refuse a stay as its sound discretion moved it to act. Prohibition is not the proper remedy with respect to matters addressed to a lower tribunal’s exercise of discretion. This is fundamental doctrine. Prohibition, 73 C.J.S.. 117, § 37. It was said in Mammoth Canal & Irrigation Co. v. Burton, 70 Utah 239, 259 Pac. 408, involving a writ of prohibition:
“Assuredly this record does not exhibit an exercise .of arbitrary power, nor the exercise of a lawful power .in an arbitrary or capricious manner. It shows the exercise of a discretionary power after much consideration. To be sure the court -may have erred in its judgment in the matter. But that is something which we cannot inquire into in this proceeding.”
See City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P. (2d) 384; Klutts v. Blackbird, 198 Okla. 26, 174 P. (2d) 361.
We recently said that “the office of a writ of prohibition is preventive in that it restrains excessive or improper assumption of jurisdiction by a tribunal possessing judicial or quasi-judicial powers. The writ is not one of right but calls upon the sound, cautious discretion of *476 the petitioned court, and wrapped up in the exercise of this discretion is the existence or absence of other adequate relief.” Aurora v. Congregation Beth Medrosh Hagodol, 140 Colo. 462, 345 P. (2d) 385. Our only concern here is: Did the trial court exercise a jurisdiction it did not possess, or, having jurisdiction over the subject matter and the parties, did it exceed its legitimate powers? McInerney v. Denver, 17 Colo. 302, 29 Pac. 516. Neither a lack of jurisdiction nor an act in excess of jurisdiction appears in this original proceeding.
If the trial court committed error in the exercise of its discretion in granting a stay, such error is the subject of review on writ of error; it is not within the purview of a writ of prohibition.
3. C.R.S. ’53, 13-3-24 (1), 1960 Perm. Cum. Supp. vests in the department “authority to suspend the license of any operator or chauffeur who has, in accordance with the schedule of points set forth in this section, been convicted of traffic violations resulting in an accumulation of twelve points in one year, eighteen points in two years, or twenty-one points in three years, except that any licensee who accumulates twelve points or more in any one year shall be subject to suspension regardless of his accumulated point total. Such suspension shall not be made until a hearing has been held in accordance with the provisions of this section.” (Emphasis supplied.)
The provision of this section relating to a hearing is C.R.S. ’53, 13-3-24 (12), 1960 Perm. Cum. Supp. It in part provides:
“If at such hearing it shall appear that the record of the operator or chauffeur sustains suspension as provided in this section, the department shall immediately suspend such operator’s or chauffeur’s license and such license shall then be surrendered to the department. If at such hearing it appears that the record of the operator or chauffeur does not sustain suspension, the department shall not suspend such license and shall adjust his ac *477 cumulated point total accordingly. * * * After such hearing, the licensee may appeal the decision of the court as provided in section 13-3-28.”
Said section 13-3-28 detailed the steps for a review by the district court of the department’s action. It need not be further considered, since in 1961 section 13-3-28 was repealed.
The legislature enacted, in lieu of the detailed outline concerning review, the following:
“Every person finally denied a license or whose license has been finally cancelled, suspended or revoked by or under the authority of the department, may, within thirty days thereafter, obtain judicial review in accordance with section 5, chapter 37, Session Laws of Colorado 1959.”
That section of the 1959 Session Laws, part of the administrative code, provides:
“(3) Form of Action — A person so adversely affected or aggrieved by agency action may obtain judicial review of such action in a civil or criminal case brought by the agency, or in its behalf, for judicial enforcement of such agency action. Any other case of review of agency action shall be commenced by the filing of an action for review in the district court in accordance with the rules of civil procedure. A proceeding for review may be brought against the agency by its official title, individuals who comprise the agency, or any person representing the agency or acting on its behalf in the matter sought to be reviewed. The complaint shall state the facts upon which plaintiff bases the claim that he has been adversely affected or aggrieved, the reasons entitling him to relief, and the relief which he seeks.
“ (4) Interim relief — Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of wheth *478 er such an application previously shall have been made to or denied by any agency, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings.” (Emphasis supplied.)
The review in the district court in accordance with the Rules of Civil Procedure was under Rule 106 (a) (4) of R.C.P. Colo. Under that rule the court had the authority to stay the action of the department and to put the parties in status quo until the party feeling aggrieved could have a hearing.
Moreover, the administrative code provides for “interim relief”; it provides for the postponement of the effective date of agency action or to preserve the rights of the parties pending conclusion of the review proceedings.
C.R.S. ’53, 3-16-5, 1960 Perm. Cum. Supp. is part of the administrative code and provides procedures for judicial review. Subsection (4) quoted above as part of the 1959 Session Laws provides for judicial review of an agency action in a civil or criminal case brought by the agency and then provides that other cases of review “shall be commenced by the filing of an action for review in the district court in accordance with the rules of civil procedure.”
Moreover, subsection (5) of the section relating to judicial review in administrative proceedings, also quoted above, provides for an agency stay of its order if it finds irreparable injury would ensue before judicial review. Then it goes on to say that a court, in lieu of an administrative stay, on application, has the power “to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings.” This action of the court shall not depend upon whether interim relief had been sought before the agency or had been denied by the agency. Subsection (5) could logically be interpreted as referring to judicial *479 review of actions relating to civil or criminal cases brought by the agency; certainly, review proceedings in accordance with the rules of civil procedure, means just that — the several steps outlined by the rules for a review.
In accordance with the rules of civil procedure, the machinery of Rule 106 (a) (4) was put in motion, from the filing of the complaint to the issuance of a citation in which a stay was ordered. In granting the stay, the trial court exercised its discretion, and such action by the trial court is not the subject of review in prohibition proceedings.
Certain conclusions may be drawn from the law and facts of this case.
The mandate of the trial court regarding the return of the instrument evidencing the license to operate a motor vehicle adds very little to the order staying the action of the department. A stay of departmental action would have permitted Markham to operate whether or not he had the instrument evidencing his right to drive. “[T]he term ‘license’ refers to the right or privilege conferred, and the certificate of license is merely the written document which evidences such right. . . .” State v. Martin, 180 Ore. 459, 176 P. (2d) 636.
Whether resort was had to Rule 106 (a) (4) R.C.P. Colo, or to the alternative remedy also recognized by the administrative code, notice to the department of an application for stay was not necessary. Neither the rule nor any alternative remedy recognized under the administrative code provides for a notice. Both recognize in fact an ex parte order or stay. We read into the rule and into the administrative code something that is not there when we say that notice was required, if such is intimated in the majority opinion.
Assuming that a finding should have been made by the trial court of irreparable injury (a matter I seriously dispute), still the department filed its motion to vacate and set aside the stay order; there was a hearing on such motion and it was denied. If a finding of irre *480 parable injury was necessary, it would be a requisite only if an ex parte order were granted. But the department had a hearing and thus the condition that there be a finding of irreparable injury, if necessary, was obviated.
For these reasons I seriously contend that the rule should be discharged.
Mr. Justice Day joins in this dissent.